IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIFFANY ROWAN**                                                                                    **PLAINTIFF**

v.                                   Case No. 4:21-cv-00911 KGB

**PEPSICO, INC., NEW BERN
TRANSPORTATION CORPORATION,
and BRYSON JURIEL BOWERS**                                                    **DEFENDANTS**

### ORDER

Before the Court are several pending motions, including separate defendants PepsiCo, Inc. ("PepsiCo") and New Bern Transportation Corporation's ("New Bern") amended notice of removal, defendants PepsiCo, New Bern, and Bryson Juriel Bowers' motion to dismiss, and plaintiff Tiffany Rowan's motion for leave to amend complaint (Dkt. Nos. 3, 4, 7). On October 7, 2021, PepsiCo and New Bern removed this case to this Court from the Circuit Court of Pulaski County, Arkansas (Dkt. No. 1). The Court addresses each pending motion in turn.

**I.      PepsiCo And New Bern's Amended Notice Of Removal**

On October 15, 2021, separate defendants PepsiCo and New Bern filed an amended notice of removal (Dkt. No. 3). PepsiCo and New Bern assert that their amended notice of removal is timely because it is filed within 30 days of PepsiCo and New Bern discovering and obtaining a copy of Ms. Rowan's complaint filed in state court and because no defendant had been served with process of the state court complaint (*Id.*, ¶ 24). PepsiCo and New Bern further assert that they reserved the right to amend or revise their original notice of removal filed within 30 days of the filing of the state court action (*Id.*). No party responded in opposition to the motion.

28 U.S.C. §§ 1441 and 1446 govern removal of a state court action to federal court. Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within

30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." A notice of removal may be amended during the 30 day period during which the removal may be filed.  *Whitehead v. The Nautilus Group, Inc.,* 428 F.Supp.2d 923, 928–29 (W.D. Ark. 2006); *Lindsey v. Dillard's, Inc.,* 306 F.3d 596, 600 (8th Cir. 2002).  Although a notice may be amended after the 30 day period, the notice can only be amended to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice.  *Id.*  The amendment cannot add new grounds for removal once the 30 day period has expired.  *Id.*

For good cause shown, the amended notice of removal is granted (Dkt. No. 3).

**II.     Defendants' Motion To Dismiss**

On October 15, 2021, defendants PepsiCo, New Bern, and Mr. Bowers filed a motion to dismiss (Dkt. No. 4).  Defendants assert that Ms. Rowan's complaint improperly named as a defendant "New Bern Transportation Corporation," which is not an entity capable of being sued (*Id.*, ¶ 4).  Defendants assert that, since filing her complaint on September 8, 2021, Ms. Rowan has "undertaken no effort to obtain issuance of any summons in this action" and has "not attempted in any respect to serve any defendant with process." (*Id.*, ¶¶ 7–10).  Accordingly, defendants move to dismiss Ms. Rowan's complaint for insufficient process and insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure (*Id.*).  In the alternative, defendants request that this Court enter an order requiring Ms. Rowan to serve process on all defendants pursuant to 28 U.S.C. § 1448 and in accordance with Rule 4 of the Federal Rules of Civil Procedure (*Id.*).

Ms. Rowan filed a response in opposition to defendants' motion to dismiss (Dkt. No. 6). In her response, Ms. Rowan agrees that she must properly serve defendants and represents that she "is in the process of doing so." (*Id.*, ¶ 8). Ms. Rowan asserts that defendants' motion is untimely because the time for service has not expired (*Id.*, ¶ 6–7). She cites Rule 4(m) of the Federal Rules of Civil Procedure for the proposition that plaintiffs have 90 days after a complaint is filed to complete service (*Id.*, ¶ 4). Ms. Rowan maintains that because she filed her complaint on September 8, 2021, she has until December 8, 2021, to serve defendants (*Id.*, ¶ 5).

Federal Rules of Civil Procedure 4(m) provides in relevant part that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, Ms. Rowan filed her complaint September 8, 2021 (Dkt. No. 2). Separate defendants PepsiCo and New Bern filed their notice of removal on October 7, 2021, and their amended notice of removal on October 15, 2021 (Dkt. Nos. 1, 3). Also on October 15, 2021—just 37 days after Ms. Rowan filed her complaint—PepsiCo, New Bern, and Mr. Bowers filed the instant motion to dismiss (Dkt. No. 4).

The Court finds that defendants' motion to dismiss was premature. On review of the docket, the Court also observes that Ms. Rowan filed an affidavit in completion of service of process as to each of the defendants on December 7, 2021 (Dkt. No. 9). For these reasons, the Court denies defendants' motion to dismiss (Dkt. No. 4).

**III.     Ms. Rowan's Motion For Leave To Amend Complaint**

On October 29, 2021, Ms. Rowan filed a motion for leave to amend complaint (Dkt. No. 7). Defendants filed a response (Dkt. No. 8). For the following reasons, the Court grants Ms. Rowan's motion (Dkt. No. 7).

Ms. Rowan seeks to amend her complaint to identify correctly and to serve separate defendant New Bern pursuant to Rules 4(a) and Rule 15(c) of the Federal Rules of Civil Procedure (Dkt. No. 7).  She states that her initial complaint incorrectly named "New Bern Transport Corporation" as "New Bern Transportation Corporation" alongside defendants PepsiCo and Mr. Bowers (*Id.*).  Ms. Rowan asserts that this is "a true misnomer situation" because she named the right defendant but by the wrong name (*Id.*, ¶ 3).  Ms. Rowan contends that, because the statute of limitation passed on September 14, 2021, she will sustain substantial prejudice if the Court does not grant her motion and allow her to correct the misnomer (*Id.*).

Separate defendants PepsiCo and New Bern concede that "the misnomer needs to be corrected and a properly amended complaint would be the proper course of action," but object to amendment of Ms. Rowan's complaint on the basis that there is "another issue that also needs to be addressed and corrected." (Dkt. No. 8, at 1).  According to PepsiCo and New Bern, PepsiCo "should never have been named as a defendant in this litigation" because the entity has no factual connection to this case other than its status as an upstream parent of New Bern Transport Corporation (*Id.*, at 2).  PepsiCo and New Bern therefore take the position that, because Ms. Rowan is unwilling "to correct the pleadings by dropping PepsiCo[]," the proposed amended complaint "retains an improper claim." (*Id.*, at 5).

In her motion, Ms. Rowan states that she is resistant to dismissing PepsiCo as a party at this early stage of the litigation but will move to dismiss voluntarily the entity as a party "if discovery shows that PepsiCo, in fact, has no involvement." (Dkt. No. 7, ¶ 6).

The Federal Rules of Civil Procedure favor amendment.  Rule 15(a)(2) provides that leave to amend a pleading shall be freely given when justice so requires.  *See* Fed. R. Civ. P. 15(a)(2).  Although this is a lenient standard, there is no absolute right to amend a pleading.  *See Deutsche*

4

*Fin. Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692, 700 (8th Cir. 2002); *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994).

The decision whether to allow a plaintiff to amend his complaint is left to the sound discretion of the district court, and the court of appeals will reverse the district court only if the court abused its discretion. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). However, the Eighth Circuit Court of Appeals has held that a court abuses its discretion when it denies leave to amend without "compelling reasons" for doing so, *Alternate Fuels, Inc. v. Cabanas*, 538 F.3d 969, 974 (8th Cir. 2008), such as "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment," *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005) (quoting *Becker*, 191 F.3d at 908).

When a party moves to amend to change the name of a party, Rule 15(a)(2)'s liberal amendment policy operates in tandem with Rule 4(a)(2) and Rule 15(c). There is a "well-recognized distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name." *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000) (explaining the misnomer principle). The misnomer principle is reflected in Rule 4(a), which gives district courts the discretion to amend a summons, and, in Rule 15(c), which provides for relation-back of amendments. *See id.*

Ms. Rowan has provided the Court with a copy of her proposed amended complaint in accordance with Local Rule 5.5(e) of the *Local Rules of the Eastern and Western District of Arkansas* (Dkt. No. 7-1). The Court has reviewed Ms. Rowan's proposed amended complaint and

compared it to Ms. Rowan's original complaint (Dkt. Nos. 2, 7-1). Ms. Rowan's proposed amended complaint changes the naming of the entity "New Bern Transportation Corporation" to "New Bern Transport Corporation," but otherwise asserts the same claims as the original complaint. Based on the record before it and in the light of the lenient amendment standard under Rule 15(a), the Court grants Ms. Rowan's motion for leave to amend complaint (Dkt. No. 7).

The Court also finds that Ms. Rowan is entitled to relief under Rule 15(c). The proposed amended complaint seeks to correct a misnomer. Ms. Rowan moved promptly to amend her complaint to identify correctly and to serve New Bern after defendants disclosed the problem in their filings. The Court observes that defendants first acknowledged that New Bern was incorrectly named in the complaint in their filings on October 15, 2021, and Ms. Rowan moved to amend her complaint on October 29, 2021 (Dkt. Nos. 3–5, 7). On the record before the Court, there is no dispute that New Bern received notice of this action and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Accordingly, New Bern will not be prejudiced in maintaining a defense on the merits if Ms. Rowan is permitted leave to amend her complaint.

To the extent New Bern and PepsiCo assert that Ms. Rowan's claims against PepsiCo should be dismissed, New Bern and PepsiCo fail to comply with the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Local Rule 7.2(e) states:

> Pretrial motions for temporary restraining orders, motions for preliminary injunctions, and motions to dismiss, shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief.

Generally, the Court will not address arguments raised in an improper form. If PepsiCo and New Bern wish to pursue arguments on the merits of Ms. Rowan's claims against PepsiCo in a motion

to dismiss, they must file a separate pleading; they may not raise those arguments in their response to a motion for leave to amend complaint.

For all these reasons, the Court grants Ms. Rowan's motion for leave to amend complaint (Dkt. No. 7). Ms. Rowan has 14 days from the entry of this Order to file her amended complaint. Once filed, the amended complaint will relate back to the date the original complaint was filed, as provided in Fed. R. Civ. P. 15(c)(1)(C). The Court amends the initial summons under Rule 4(a) so that service on New Bern Transportation Corporation was also service on New Bern Transport Corporation; the Court observes that the original summons attached to Ms. Rowan's affidavit of service reflects the correct spelling of this entity's name (Dkt. No. 9-4).

### IV. Conclusion

The Court grants PepsiCo and New Bern's amended notice of removal (Dkt. No. 3). The Court denies PepsiCo, New Bern, and Mr. Bowers' motion to dismiss (Dkt. No. 4). The Court grants Ms. Rowan's motion for leave to amend complaint (Dkt. No. 7). Ms. Rowan shall have 14 days from the date of the entry of this Order to file her amended complaint. The Clerk of Court is directed to amend the summons issued October 27, 2021, to correctly identify New Bern Transport Company, consistent with the proof of service returned.

It is so ordered this the 31st day of August, 2022.

_____
Kristine G. Baker
United States District Judge