IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TIFFANY ROWAN                                                                                    PLAINTIFF

VS.                              NO. 4:21-CV-00911-KGB

PEPSICO, INC.,
NEW BERN TRANSPORT CORPORATION
BRYSON JURIEL BOWERS                                                              DEFENDANTS

## MOTION FOR PROTECTIVE ORDER
## AND FOR INTERIM PRETRIAL CONFERENCE

Defendants PepsiCo, Inc., New Bern Transport Corporation ("New Bern") and Bryson Juriel Bowers ("Bowers"), hereby move for entry of Protective Order and for interim pretrial conference pursuant to Rule 26(c)(1)(B), (F), and (G) and Rule 16(c)(2) of the Federal Rules of Civil Procedure and state:

1. This case arises out of a low-speed motor vehicle accident involving a car driven by plaintiff and a trailer attached to a tractor driven by Defendant Bowers. Defendant Bowers drove that tractor locally for co-Defendant New Bern, which has admitted agency (including *respondeat superior*/vicarious liability) for purposes of acts and omissions attributed to Mr. Bowers. Although Plaintiff refused medical care at the scene, nearly three years later she filed the pending suit claiming disabling injuries from the accident.

2. In the course of discovery, plaintiff has propounded a remarkable set of interrogatories and requests for production of documents to New Bern. The discovery requests, themselves, extend to *sixty* pages. *See* Exhibit 1. Many of the

2797416-v1

discovery requests are prolix and multi-faceted. Taken together, they far exceed the limits imposed under Rule 33(a)(1). On a more substantive level, a sizeable number of the discovery requests are not proportional to the needs of this case. Indeed, many seem to have been generated from a form that was never tailored to the specific facts of this case. And many of the discovery requests seek information that is proprietary or otherwise confidential.

3. New Bern has lodged objections to a number of the plaintiff's written discovery requests. Some are based on the vagueness of the requests; others are based on the lack of proportionality to the legitimate needs of this case. Still other objections stem from the fact that plaintiff seeks employment-related or medical information about Mr. Bowers or other proprietary information that is, without question, confidential. For much of *that* information, New Bern has pledged to turn over the requested data provided that a suitable protective order be entered.

4. Over the past months, counsel for the parties have corresponded and discussed at great length issues over Plaintiff's written discovery request and New Bern's willingness to turn over various documents upon entry of a suitable protective order. To give the Court an idea of the girth of the discovery requests and areas of controversy, the parties' discovery conferences have *themselves* lasted more than 4 hours. Yet issues linger.

5. To move things forward on at least *some* of the items in controversy, New Bern submitted to Plaintiff a proposed *joint* motion and protective order. *See* Exhibit 2. Indeed, the proposed motion and order were substantively the same as

2

2797416-v1

motions and protective orders that have been filed in many other cases, including in litigation before *this* Court. But Plaintiff has refused to agree to such a protective order, simply terming it (without explanation) "unacceptable."[1]

6..    As noted above, New Bern is not in position to release certain of the requested data absent entry of an appropriate protective order. Since an impasse has developed over the nature of a proposed protective order, New Bern respectfully requests that the Court consider the language of the proposed order included within Exhibit 2 and either enter it or another suitable protective order that contains requisite safeguards. This will enable New Bern to produce materials while protecting the confidentiality of New Bern's (and Mr. Bowers') confidential information.

7.    Moreover, given the scope of unresolved issues that have arisen with respect to discovery in this case – including issues over discovery sought *from* plaintiff, defendants respectfully request that the Court convene a Pretrial Conference pursuant to Rule 16(c)(2)(A), (F) and (P) to help address the ongoing discovery issues, to develop a focus on (and to simplify) the issues, to control discovery and to facilitate precisely what Rule 1 and Rule 16(c)(2) (P) contemplate: "the just, speedy, and inexpensive disposition" of this action.

8.    If the Court's schedule will not permit such a conference in the relative near-term, Defendants respectfully request that such conference be delegated to the

---

[1] Plaintiff has tendered an alternative order that seems ill-suited to the needs of this case and, in fact, seems to have been drafted for use in a commercial trade secret litigation.

assigned United States Magistrate Judge for a conference and recommended disposition.

WHEREFORE Defendants pray that their Motion for Protective Order and for Interim Pre-Trial Conference be granted, that a suitable protective order be entered, and that a conference be convened.

> Gregory T. Jones (83097)
> Alexander T. Jones (2015246)
> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> FAX: (501) 376-9442
> E-MAIL: gjones@wlj.com; ajones@wlj.com
> *Attorneys for Defendants*