IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TIFFANY ROWAN                                                    PLAINTIFF

v.                                    4:21-cv-00911 KGB

PEPSICO, INC., NEW BERN                                        DEFENDANTS
TRANSPORT CORPORATION, and
BRYSON JURIEL BOWERS

---

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
PROPOUNDED NEW BERN TRANSPORT CORPRATION

---

Tiffany Rowan propounds the following Interrogatories and Requests for

Production of Documents to New Bern Transport Corporation, to be answered under

oath within thirty (30) days and in the manner required by the Federal Rules of Civil

Procedure. Please be reminded you are under a duty to seasonably supplement your

answers to these Interrogatories and Requests for Production as often as information

becomes available to you should information sought by these discovery requests be

learned or obtained after such have been answered, or if your responses for any reason

should become incorrect or incomplete.

<u>INTERROGATORIES</u>

<u>INTERROGATORY NO. 1:</u>    For all persons known to you to have knowledge

of any facts relevant or material to the allegations in the Plaintiff's *Complaint,* or to your

defenses alleged in your *Answer* to the Plaintiff's *Complaint,* or whom you otherwise

intend to call to testify at the trial of this cause, please state such person's name,

address, telephone number, the subject matter of their anticipated testimony, and whether such person has ever been convicted of a crime that was punishable by death or imprisonment in excess of one year or a crime involving dishonesty or false statement.

NOTE: This Interrogatory specifically includes the identification of each person known or believed by you or your representatives to have been eyewitnesses to the collision described within Plaintiff's *Complaint*, and all non-privileged persons with whom you or your Driver discussed the collision, which occurred on September 14, 2018 between the parties.

**INTERROGATORY NO. 2:**   Has your driver, Bryson Juriel Bowers, had his driver's license subject to any arrests, tickets, offenses, violations, restrictions, suspensions, refusals to renew, cancellations, or revocations of any sort before the collision, which occurred on September 14, 2018 between the parties? If so, state the name of the issuing state, the date of issuance, and the date and type of all arrests, tickets, offenses, violations, restrictions, suspensions, refusals to renew, cancellations, or revocations recorded on such license.

**INTERROGATORY NO. 3:**   State whether your driver, Bryson Juriel Bowers, had any physical or mental impairment within 5 years prior to the collision, which occurred on September 14, 2018, whether corrected or uncorrected, including vision, hearing, back, neck, legs, arms, hands, fingers, blackouts, epilepsy, seizure disorder, dizziness, or mental illness; and if so, describe each such impairment in detail, whether

such impairment required medical treatment, and if so, provide the names and addresses of all physicians providing treatment along with the dates of treatment.

**INTERROGATORY NO. 4:**   With reference to the trip your driver, Bryson Juriel Bowers, was taking at the time of the collision on September 14, 2018, state where and when it started, the route that was planned to take, when and where all stops were that were made, what was done during the trip, where and when it was scheduled to end, the reason or reasons for the trip, the number of times Bowers traveled the roadway where the collision occurred before the date of the collision, and the name, address and telephone number for each passenger in the vehicle at the time of the collision, their relationship to you, and their purpose for being in the vehicle.

**INTERROGATORY NO. 5:**   State specifically and in detail, in your words, how the collision on September 18, 2018 occurred, giving all events in detail in the order in which they occurred, including to a description of the weather conditions at the time of the collision, and what Bowers did, if anything, to avoid the collision. Please include a detailed description of all acts, activities, or movements made by the Plaintiff before, up to, and including the time of the collision, and following the collision until either Bowers or the Plaintiff left the scene of the collision.

**INTERROGATORY NO. 6:**   State specifically and in detail how the Plaintiff and/or any third party may have caused, contributed to or been allegedly at fault in causing the collision described in Plaintiff's *Complaint*. If you answer this in the affirmative, then state the percentage of fault you believe should be assigned to the Plaintiff and each third party, and the basis for such contention, and state the name,

- 3 -

address and telephone number for each such third party and the make, model, license plate number, and placards for the vehicle operated by such third party, if any.

**INTERROGATORY NO. 7:**   State whether Bryson Juriel Bowers has been in any collision of any kind, motor vehicle or otherwise, before or after the collision described within the *Complaint*, and if so, state the date, place and type of collision, in addition to a description of how all claims, if any, arising therefrom were concluded. If Bowers was hurt in any such collision, then for each such collision state the nature of Bowers' injuries sustained, and the name and address for all physicians and hospitals providing treatment to Bowers.

**INTERROGATORY NO. 8:**   State the names and addresses of persons retained or employed by you, your agents, and your liability insurance carrier <u>before</u> the filing of this lawsuit to investigate the facts surrounding the collision on September 14, 2018, and the Plaintiff's damages (hereinafter, "investigators"); the name, address and telephone number of any person contacted by your investigators; the period during which the investigation was conducted; and whether your investigators prepared written reports.

**INTERROGATORY NO. 9:**   Please state the name, address, telephone number and professional credentials of any expert who you plan to call as a witness at the trial, the subject matter on which you expect such expert(s) to testify, the substance of the facts and opinions of such expert(s), and a summary of the grounds for each opinion of such expert(s).

**INTERROGATORY NO. 10:**  Identify each person who has been consulted in connection with, or who has provided information or assistance concerning the

- 4 -

response to any Interrogatory or Request for Production of Documents and provide separately, by Interrogatory or Request for Production number, the position or job title of such person, together with a description of the nature of the consultation, the assistance or information provided, and by what authority such person has to respond to this written discovery on your behalf.

**INTERROGATORY NO. 11:** Before the collision described within Plaintiff's *Complaint* on September 14, 2018, did the vehicle Bryson Juriel Bowers was operating have any known defect, and if so, describe each defect and for each such defect state where the defect was located on the vehicle, whether the defect was present when the vehicle was received by you (and if not, from whom you acquired the vehicle), the date you first became aware of the defect, the nature and extent of any damages resulting from said defect, and whether it is your belief the defect contributed in any way to the collision and the reasons therefore.

**INTERROGATORY NO. 12:** Please state the names of any person with knowledge of the facts contained within Plaintiff's *Complaint*, and your *Answer*, including witnesses you have identified within these discovery responses, with adult relatives and in-laws living in the judicial district in which this lawsuit is pending.

**INTERROGATORY NO. 13:** Please state whether or not you have been involved as either a plaintiff and/or defendant in litigation due to a motor vehicle collision within the last ten (10) years. If so, please state the style of the litigation (including date of filing, parties to the lawsuit, court where litigation was filed, and docket number); the nature of and the results of the litigation; and whether you or your

agents offered any testimony, by way of deposition and/or trial, and if so, state when and where testimony was offered.

**INTERROGATORY NO. 14:** State from Bryson Juriel Bowers' observations, or your other representatives' observations (including your employees, successors, representatives, assignees, insurance carrier's claims representatives and underwriters, investigators, and agents), whether the Plaintiff appeared to have been physically injured, or mentally or emotionally disturbed as a result of the collision. If so, please describe Plaintiff's physical appearance, including whether there were any signs of bleeding, bruises, cuts or other physical injury; and whether the Plaintiff was crying, talking, complaining of pain, or otherwise appearing mentally disturbed.

**INTERROGATORY NO. 15:** With regard to Bryson Juriel Bowers' operation of the vehicle involved in the collision on September 18, 2018, please state from the date Bowers began employment with you until the collision occurred, Bowers' frequency of use of the vehicle; Bowers' frequency of use of any other vehicle owned by you; whether Bowers was accustomed to using any other vehicle owned by you other than the one involved in the collision, without obtaining specific approval or permission for each use; the average number of miles driven each month by Bowers in any vehicle owned or leased by you from the time of his employment with you until the time of the collision; whether you considered Bowers an independent contractor or an employee; whether you and Bowers had a lease purchase agreement for any vehicle he was authorized to drive on your behalf; and the bases of Bowers' compensation, including the type, amount, and rate of Bowers' pay, whether Bowers' rate of pay is by the hour

or by the mile, whether Bowers is responsible for fuel and maintenance costs of the vehicle(s) driven for you, and all fringe employment benefits.

**INTERROGATORY NO. 16:**   Have any of your drivers, including Bryson Juriel Bowers, committed any disqualifying commercial driving offenses in the state of Arkansas in the 8 years prior to the collision on September 14, 2018, including the following: driving a commercial motor vehicle while under the influence of alcohol where the blood alcohol concentration was 0.04 percent or more, or driving under the influence of alcohol as prescribed by state law; driving a commercial motor vehicle while under the influence of a controlled substance; refusing to undergo such alcohol or controlled substance testing after a collision, and/or a reasonable suspicion of using same, and/or as a follow-up test as is required by any state or federal jurisdiction; leaving the scene of a collision involving a commercial motor vehicle; or a felony involving the use of a commercial motor vehicle? If so, for each such offense, please identify the name of the driver, the date of the offense, the county where the offense occurred, whether each such driver is still employed by you, and the judicial disposition of each such offense.

**INTERROGATORY NO. 17:**   State the number of hours Bryson Juriel Bowers had been on duty when the collision on September 14, 2018, the number of hours Bowers had been on duty for each day for the seven days before the collision, and whether Bowers ever informed you or your dispatchers that he did not feel safe to drive at any time during his employment with you, and if so, the dates when he informed you or your dispatchers he did not feel safe to drive.

**INTERROGATORY NO. 18:**   Please state the name, address and job title for all of your employees and/or agents who had any contact with you about the collision on September 14, 2018, and if different on the day of the collision, the same information for the current person, to include the following: the person who hired Bryson Juriel Bowers; the person who provided training to Bowers; the person who had safety and training oversight of Bowers; your Director of Safety; the person who investigated the collision on September 14, 2018; members of Collision Review Committee; your dispatchers for Bowers' trip on the collision date; the person responsible for ensuring your compliance with DOT hours of service regulation; the supervisor for Bowers and your dispatchers communicating with Bowers on the day of the collision; the medical review officer; the head of dispatch; the chief of operations; the head of maintenance for the vehicle operated by Bowers; and the person responsible for maintaining records for each of the previously described persons.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Please produce for inspection and copying all unredacted insurance declarations sheets, insurance agreements and policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action, or to indemnify or reimburse for payments made to satisfy any such judgment, including but not limited to any kind of liability insurance policy covering you, Bryson Juriel Bowers, or any vehicle (including the trailer) for the collision on September 14, 2018, any excess or umbrella type of liability insurance coverage, medical payments benefits, any and all self-insurance and

re-insurance plan documents, and documents showing the amount of deductible or retention by each insured under every applicable policy of insurance.

REQUEST NO. 2:   Please produce for inspection and copying all exhibits you will or may offer into evidence at the trial or any hearing hereof, along with any documents you may be refer to during cross-examination, and all demonstrative evidence, visual aides, maps, diagrams, test results, experiments, charts, models, graphs, or summaries you may be shown to the jury, regardless of whether same may be introduced into evidence.

REQUEST NO. 3:   Please produce for inspection and copying all unredacted orally recorded or written statements made by the Plaintiff at any time, made by Bryson Juriel Bowers, his supervisor, and Bowers' dispatchers, between Bowers and your dispatchers, or other Defendants over whom you have control before the filing of this lawsuit in reference to the collision on September 14, 2018, and made by any other witness or persons having knowledge of the collision or Plaintiff's damages arising from such collision.

REQUEST NO. 4:   Please produce for inspection and copying an unredacted copy of any and all repair bills, damage estimates, appraisals, and related documents concerning the damages to any and all vehicles involved in the collision on September 14, 2018, including your own and Plaintiff's vehicle.

REQUEST NO. 5:   Please produce for inspection and copying all unredacted photographs and video of the area of the collision scene, the persons involved in the collision, and the vehicles involved in the collision on September 14, 2018.

- 9 -

**REQUEST NO. 6:**   Please produce for inspection and copying an unredacted copy of all investigative reports, photos, or videotape made of the Plaintiff made at any time.

**REQUEST NO. 7:**   Please produce for inspection and copying an unredacted copy of all employment records, business records, tax returns, workers compensation records, Social Security records, Veteran's records, unemployment compensation records, medical records, medical information, educational records, vocational records, or other documents concerning the Plaintiff you or your attorney obtained from any source other than from Plaintiff's counsel.

**REQUEST NO. 8:**   Please produce for inspection and copying a complete and unredacted copy of the insurance investigation files prepared by your insurance carrier before litigation counsel was retained, which should include photographs, statements, diagrams, adjustor reports, claim evaluations, investigative reports, and other documents.

By " other documents," this request means all manner of written, typewritten, printed or recorded material whatsoever, including any graphic, mechanical or oral records or recordings of any kind, correspondence, letters, telegrams, memoranda, records of meetings or conferences, contracts, agreements, reports, checks, statements, receipts, returns, summaries, tickets, drafts, inter- and intra-office communications, offers, notations of conversations, records of telephone calls or meetings, printed matter; and computer print-outs, teletypes, facsimiles, invoices, pictures, blueprints, schematics, tape recordings, digital recordings, transcriptions of records, video

recordings, logbooks, business records and all drafts, alterations, modifications, changes and amendments of any of the foregoing; any and all data contained on any computer system that may be printed or copied to DVD or CD-ROM to respond hereto, including but not limited to email messages, case management data, claim valuation information, and other information maintained electronically; of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control.

**REQUEST NO. 9:**   Please produce for inspection and copying a complete and unredacted copy of your office and cellular telephone bills, mobile radio bill, pager bill, or other wireless device bill for September 14, 2018, showing all communications initiated or received by Bryson Juriel Bowers.

**REQUEST NO. 10:**  Please produce for inspection and copying a copy of the front and back side of each driver's license Bryson Juriel Bowers has had from the date he began employment with you until the collision occurred on September 14, 2018.

**REQUEST NO. 11:**  Please produce for inspection and copying all documents reflecting the disposition issued by any court, licensing agency, or law enforcement agency reflecting all arrests, tickets, offenses, violations, restrictions, suspensions, refusals to renew, cancellations, or revocations recorded on each driver's license Bryson Juriel Bowers had, if any, from the date Bowers began employment with you until the collision occurred on September 14, 2018.

**REQUEST NO. 12:**  Please produce for inspection and copying the results of all alcohol and drug tests that were administered to Bryson Juriel Bowers following this collision on September 14, 2018.

**REQUEST NO. 13:**  Please produce for inspection and copying a complete and unredacted copy of any receipt, sales ticket, cash register receipt, credit card receipt, and any other document related to Bryson Juriel Bowers' purchase or consumption of alcohol or drugs, prescription or otherwise, if any, within 24 hours preceding the collision on September 14, 2018.

**REQUEST NO. 14:**  Please produce for inspection and copying a complete and unredacted copy of any written form of caution, reprimand, suspension, termination, or other disciplinary actions by you related to any of Bryson Juriel Bowers' employment positions with you with respect to the method or manner in which motor vehicles were driven from the date Bowers began employment with you until the collision occurred on September 14, 2018.

**REQUEST NO. 15:**  For each expert retained or specially employed by you to provide expert testimony in this matter, or one of your employees or agents whose duties involve regularly giving expert testimony, please produce the following:

    A.    The written report required by FED. R. CIV. P. 26(a)(2)(B);

    B.    A complete statement of all opinions the witness will express and the basis and reasons for them;

    C.    The facts or data considered by the witness in forming his or her statements or opinions;

D.   Any exhibits that will be used to summarize or support his or her statements or opinions;

E.   The witness's qualifications, including a list of all publications authored in the previous 10 years, including a current copy of the individual's curriculum vitae;

F.   A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

G.   A statement of the compensation to be paid for the study and testimony in the case.

**REQUEST NO. 16:**  Please produce for inspection and copying the complete file of any testifying expert in this case, including any and all work papers, notes, correspondence, email messages, computer files, photographs, videotape, and all other documents in the file of any expert witness who is expected to testify, or in the file of any expert witness who has written a report which is or may be relied upon in whole or in part by a testifying expert in this case.

**REQUEST NO. 17:**  Please produce for inspection and copying all documents or tangible things prepared by any expert whom you expect to call as a witness, including the expert's reports, factual observations, opinions, conclusions, email messages, computer files, photographs, field notes, calculations, models and exhibits.

**REQUEST NO. 18:**  Please produce for inspection and copying any learned treatises or authoritative scientific or medical literature upon which any expert intends to rely in giving any expert testimony in this case.

**REQUEST NO. 19:**  Please produce for inspection and copying an unredacted copy of all data retrieved in electronic format, as well as printed from your truck's

- 13 -

Electronic Control Module (ECM), Eaton Vorad collision warning or vehicle management system, your truck's computerized governor, and all other on-board recording devices and "black boxes" to include maximum speed, braking, and all other available data in existence prior to the collision on September 14, 2018 while Bryson Juriel Bowers was driving your truck.

REQUEST NO. 20: Please produce for inspection and copying an unredacted copy of all QualComm or other Global Positioning System (GPS) data, or satellite tracking data, available for the collision on September 14, 2018.

REQUEST NO. 21: Please produce for inspection and copying a complete and unredacted copy of all educational, training, or regulatory materials provided or shown to Bryson Juriel Bowers from the date Bowers began employment with you until the collision occurred on September 14, 2018, including Federal Motor Carrier Safety Regulations.

REQUEST NO. 22: Please produce for inspection and copying complete, unredacted, and clearly readable copies of all trip and/or operational documents pertaining to the movement of your vehicle, Bryson Juriel Bowers, or any Co-Driver(s), or driver trainers on the day of the collision on September 14, 2018, as well as for one month before the collision, and one month after the collision.

The term "trip" in this request means the transportation and/or movement of one load of cargo and/or vehicle, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel "empty or unloaded" from that destination point to the next point or location of loading, end of trip, or new trip origin.

- 14 -

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

The term "operational documents" in this request includes the following applicable to the records generated for <u>each</u> "trip" made by you during the time period requested:

A.  Complete and clearly readable copies of e-mail communications, trip reports, trip envelopes, daily loads delivered or picked up or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by any of the Defendants, inclusive of daily, weekly, or monthly cargo transported, time and/or distance traveled reports or work records, excluding only those documents known as "driver's daily logs" or driver's record of duty status.

B.  Complete and clearly readable copies of receipts for any trip expenses or purchases made by Bowers or Co-Driver during a trip regardless of type of purchase, such as fuel, weighing of vehicle, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll road, loading or unloading cost, or other receipts regardless of the type of object or services purchased.

C.  Complete and clearly readable copies of cargo pickup or delivery orders prepared by any of the Defendants, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and operations of your vehicle.

D.  Complete and clearly readable copies of any and all written requests, letters, instructions, Hazardous Materials Shipping Papers, or orders for transportation of cargo prepared by any Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or sales

personnel, drivers, or other persons or organizations relative to the operations of your vehicle.

E.    Complete, unredacted, and clearly readable copies of all bills of lading and/or manifest prepared or issued by any shipper, broker, transporting motor carriers personnel, receivers of cargo, or any of the Defendants. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery relative to the operations of your vehicle.

F.    Complete, unredacted and clearly readable copies of all equipment or cargo loading and unloading or detention of equipment records along with any other documents showing cargo pickup and delivery dates, and times or delays and/or detention of equipment relative to operations of your vehicle.

G.    Complete, unredacted, and clearly readable copies of all cargo transported freight bills, Pro's or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate pick up or delivery of cargo by Bowers or a Co-Driver.

H.    Complete, unredacted, and clearly readable copies of all written instructions, orders, advice, or other documents given to you in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup, and delivery times issued by you or any Defendant, shippers, receivers, or any other persons or organizations.

I.    Complete, unredacted, and clearly readable copies of dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the operations or movements of your vehicle, or Bowers' activities.

J.      Complete, unredacted, and clearly readable copies of any call-in records, or otherwise described written records indicating any communications between Bowers, Co-Driver(s), and you.

K.      Complete, unredacted, and clearly readable copies of all accounting records, merchandise purchased, cargo transportation billings, or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed for you by Bowers and Co-Drivers.

L.      Complete, unredacted, and clearly readable copies of all initial or rough trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary to Bowers in reference to a trip or trips. This specifically includes any summary type documents showing all payments made to Bowers and Co-Driver(s) regardless of the purpose of payment or period of time payment was made for.

M.      Complete, unredacted, and clearly readable copies of any and all motor carrier or trip fuel mileage and purchase reports or records created by Bowers. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source such as the organization known as "COMCHECK," or "EFS" generated for or by you or other Defendants showing date, time, and location of fuel or other purchases by Bowers or Co-Drivers while on the trips requested herein.

N.      Complete, unredacted, and clearly readable copies of all checks or otherwise described negotiable instruments issued to Bowers or Co-Driver(s) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessor service in the possession of any of the Defendants. Specifically copies of both the front and back of each check and/or COMCHECK issued to your Driver or Co-Driver(s) is requested.

- 17 -

O.  Complete, unredacted, and clearly readable copies of any and all state special fuel or oversized permits and any related documents or requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment for the permit(s) issued by any governmental agency is specifically requested that relate to the movement of Bowers and/or Co-Driver(s).

P.  Complete, unredacted, and clearly readable copies of any and all trip leases or trip lease contracts involving Bowers or Co-Drivers along with all related documentation issued to or created or received by any of the Defendants. Specifically, this includes any trip leases negotiated between any of the Defendants and/or any other motor carrier or their drivers inclusive of all related documentation thereto. Basically, "related documentation" consist of any documents created or generated in reference to the trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier certification of driver's qualification, and includes other documents that relate to the billing and payment for such movement of freight, along with all other types of documentation regardless of form or description, relative to each occurrence involving the service and activities of Bowers or Co-Driver(s).

Q.  Complete, unredacted, and clearly readable copies of all weigh station records and all scale receipts during the time period requested..

R.  Complete and clearly readable copies of any and all other operational documents, as well as all other notes, diaries, notebooks, computer files, etc. created or received by any of the Defendants, or any other persons or organizations, regardless of form or description and not defined herein, in the possession of you or any of the Defendants, and relative to the operations, activities, movements and trip accomplished by Bowers or Co-Driver(s) during the time period requested.

You are requested to follow closely and to group and identify all documents produced by each trip occurring during the requested time periods.

- 18 -

**REQUEST NO. 23:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of the "Driver Qualification File" maintained by you and/or any of the Defendants over whom you have control, on Bowers and any Co-Driver, along with any other documents contained therein, in their precise state of existence on and after the date of the collision on September 14, 2018, including documents added after the collision, to the present date, as maintained by you or any other Defendant over whom you have control.

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

The term "Driver's Qualification File" as used in this request means those records specifically required by Federal Motor Carrier Safety Regulations (specifically 49 C.F.R. §§ 383 and 391), to be created and maintained by or on any driver who performs services or work for or on behalf of you or any of the Defendants. A basic description and definition of the documents requested in the Driver's Qualification File is provided below:

    A.    Any pre-employment questionnaires or other documents secured prior to employment.

    B.    Any and all completed applications for employment secured both before and/or after the actual date of contract or employment.

    C.    All medical examinations, drug tests, and certification of medical examinations inclusive of expired and non-expired documents.

- 19 -

D.    All annual violation statements, which should include one for each twelve months of contract or employment with you in this case.

E.    All actual driver's motor carrier road tests that were administered.

F.    All actual driver's motor carrier written tests that were administered.

G.    All road and written test certificates issued by you or any other motor carrier or organization to Bowers regardless of the date issued or the originator of such certificates.

H.    All past employment inquiries sent to or secured from former employers along with all responses received from former employers inclusive of all U.S. mail, personal contacts, telephone inquires, fax transmittals, email messages, and results directed to or received by you from past employers.

I.    All inquiries to and answers received from any organization in reference to Bowers' license record of traffic violations and collisions directed to and/or received by any of the Defendants, or other organizations on behalf of any Defendant, from state or federal governmental agencies relative to Bowers.

J.    Copies of the front and back of all road or written test cards, medical cards, motor carrier certification of driver qualification cards, other driver qualification cards, and any other motor carrier transportation related cards regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by you and all other motor carriers to Bowers or Co-Drivers.

K.    All annual reviews, file reviews, file summaries, and related documents found in Bowers' Qualification File.

L.    All documents relative to any drug and alcohol testing, or lack thereof.

M.   Any and all other contents of the driver qualification file, regardless of subject, form, purpose, originator, receiver, title or description.

**REQUEST NO. 24:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of Bryson Juriel Bowers' "Driver Personnel File" and/or any otherwise titled files in reference to Bowers' services, from initial contract or employment with you to the present date, including the application for employment, driver qualification information, driver job reviews, cautions, reprimands, suspensions, terminations, or other disciplinary action, or awards provided by you.

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

The term "Driver's Personnel File," as used in this request means any and all files, records, communications, or documents created by you, or any other person or organization containing documents directed to, received from, or about Bowers or a Co-Driver. A basic description and definition of the documents requested in the "Driver's Personnel File" is provided below:

A.   Applications, contracts, agreements, payroll or money advanced records, attendance records, computer generated documents, and any other document regardless of subject, description, or form relative to hiring and discipline of drivers.

B.   Hiring, suspension, termination, warning notices, complaints, letters, memorandums, and any other disciplinary documents.

- 21 -

C.     Prior industrial, vehicular, cargo, hazardous materials, health or collision reports, or other types of injury, sickness, collisions, or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident, or collision.

D.     Federal Office of Motor Carrier Safety Field Operations or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspection reports, traffic citations or traffic warnings, inclusive of any of your file reviews, or the file reviews of other trucking companies Bowers may have been working for as an independent contractor within your possession, or summaries of violations of company, state, or federal laws, rules, or regulations.

E.     Any and all other documents found in such a file, regardless of description, title, form, origin, or subject, maintained by you or other Defendants but within your possession in reference to Bowers, excluding only those documents required by 49 C.F.R. § 391, Driver Qualifications, which was provided in Request No. 23.

**REQUEST NO. 25:** Please produce for inspection and copying complete, unredacted, and clearly readable copies of records pertaining to Bryson Juriel Bowers' DOT physical from the date Bowers began employment with you until the collision occurred on September 14, 2018.

**REQUEST NO. 26:** Please produce for inspection and copying complete, unredacted, and clearly readable copies of your hiring and background check policies, as well as all documents relating to the hiring and termination of Bryson Juriel Bowers, including limitations on who you will or will not accept for employment, Bowers' motor vehicle record, Bowers' collision history, Bowers' history of drug or alcohol usage, Bowers' prior and subsequent driving experience when you hired him, and your evaluation of Bowers' attitude and fitness.

- 22 -

**REQUEST NO. 27:** Please produce for inspection and copying complete, unredacted, and clearly readable copies of any terminal audits, road equipment and/or driver compliance inspections, or warnings and traffic citations issued in reference to Bryson Juriel Bowers or Co-Drivers, or Bowers' trainers, by any city, county, state or federal agency or law enforcement official in the possession of you or any of the Defendants over whom you have control, regardless of the date of origin. This request specifically includes any documents issued by any governmental agencies or officials in reference to violations of any State Motor Carrier Safety Regulations, or Federal Motor Carrier Safety Regulations, or Hazardous Materials Regulations that may have been issued.

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

"State Motor Carrier Safety Regulations" in this request means Arkansas Motor Carrier Safety Regulations as adopted by the Arkansas Department of Transportation, Motor Vehicle Division, under their Rule No. R-17-4-435 and titled, "Rules and Regulations for the Enforcement of Motor Carrier Safety Provisions and the Transportation of Hazardous Materials" in effect on the date of the collision, September 14, 2018.

"Federal Motor Carrier Safety Regulations" in this request means the regulations codified at 49 C.F.R. §§ 380-397 in effect on the day of the collision, September 14, 2018.

"Hazardous Materials Regulations" in this request means regulations codified at 49 C.F.R. §§ 397.1-397.103 in effect on the day of the collision, September 14, 2018.

**REQUEST NO. 28:** Please produce for inspection and copying complete, unredacted, and clearly readable copies of all collision files and records, objects, photographs, drawings, reports, statements or otherwise described documents in your possession, or in any of the Defendants possession over which you may have control, in reference to the collision on September 14, 2018, "excluding only" those written documents or materials and objects that can be clearly identified as the work product of the attorney for any Defendant.

The term "collision files and records" in this request is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in FED. R. CIV. P. 1001, and includes written or recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents inclusive of any documents, letters to or from or records and reports required by or from you or any of the Defendants, or by other organizations, state governmental agencies, or the Federal Department of Transportation, Office of Motor Carrier Safety.

**REQUEST NO. 29:** Please produce for inspection and copying complete, unredacted, and clearly readable copies of all collision files and records in reference to the collision on September 14, 2018 in your possession, or in the possession of any of the Defendants over which you have control, maintained or generated in accordance Federal Motor Carrier Safety Regulations. This includes any reports, correspondence or

any otherwise described documents sent to or received from the Federal Office of Motor Carrier Safety Field Operations, reports made to other persons or organizations and any report made by Bryson Juriel Bowers, a Co-Driver or driver trainers, in reference to this collision. This request also specifically includes any and all otherwise described documents relative to this collision found in the file required to be maintained by you in accordance with the collision reporting and recording pursuant to Federal Motor Carrier Safety Regulations.

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

The term "collision files and records" in this request is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in FED. R. CIV. P. 1001, and includes written or recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents inclusive of any documents, letters to or from or records and reports required by or from you or any of the Defendants, or by other organizations, state governmental agencies, or the Federal Department of Transportation, Office of Motor Carrier Safety.

"Federal Motor Carrier Safety Regulations" in this request means the regulations codified at 49 C.F.R. §§ 380-397 in effect on the day of the collision, September 14, 2018.

**REQUEST NO. 30:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of any and all other collision records or incident records maintained by you, or maintained by any of the Defendants over which you have control, in reference to any other vehicular collision, for 5 years prior to the collision in question, where your Driver, Co-Driver(s), or your driver trainer, was the driver of a vehicle involved.

The term "collision files and records" in this request is intended to have broad reference to all forms of recorded information, including writings and recordings as defined in FED. R. CIV. P. 1001, and includes written or recorded statements, reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents inclusive of any documents, letters to or from or records and reports required by or from you or any of the Defendants, or by other organizations, state governmental agencies, or the Federal Department of Transportation, Office of Motor Carrier Safety.

The term "Driver" in this request means Bryson Juriel Bowers, and any person employed by, or contracted for or with you, including persons known as Co-Drivers, driver trainer, independent contractors, owner operators or trip lessors, and includes persons furnished to you or other Defendants over which you have control, as drivers by any other person or organization who perform driving services on their behalf.

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated

- 26 -

by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

**REQUEST NO. 31:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of all hours of service records of Bryson Juriel Bowers and Co-Drivers present on the day of the collision, September 14, 2018, including their record of duty status, their daily logs and 70/60-hour summaries created by Bowers or the Co-Driver, from the date they began their employment with you through the date of the collision, in accordance with 49 C.F.R. § 395 in your possession, or in the possession over any of the Defendants over which you have control.

The term "hours of service records" in this request means any and all documents created in reference to 49 C.F.R. § 395, including, Bowers' record of duty status or daily drivers' logs, time worked cards or other time worked records or summaries, your administrative log audits and/or 70/60-hour log audits along with any records or reports of violations, or any otherwise described documents advising any of Bowers' or a Co-Driver's hours of service violations. This specifically includes all advice, reprimands or warnings sent to Bowers or any of your Co-Driver(s) for violations of 49 C.F.R. § 395, "Hours of Service of Drivers" regulations by or on behalf of you or other parties over which you have control.

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated

by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

**REQUEST NO. 32:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of all maintenance files and records maintained by you, or any of the Defendants over which you have control, from one year before up to and including the collision on September 14, 2018, in accordance with 49 C.F.R. § 396 on the Tractor and the Trailer involved in the collision, inclusive of any inspection, repair or maintenance done to the Tractor and Trailer. This request includes all driver daily vehicle condition reports submitted by any and all driver(s) of the said Tractor and Trailer, from six months before the collision through the date of the collision in the possession of you, or any of the Defendants over which you have control. This specifically includes all the drivers daily vehicle condition reports, maintenance files and records maintained by any other person(s) or organization(s) that Bryson Juriel Bowers or you may have borrowed, rented or leased the Tractor from, or who performed maintenance services on behalf of, or for you or Bowers.

The term "maintenance files and records" in this request means those documents required to be created and/or maintained by you or other parties in accordance with 49 C.F.R. § 396, "Inspection, Repair and Maintenance." This includes the "Tractor" and "Trailer" daily condition reports prepared by your Driver and other drivers of same, all inspections, repairs, list of add-ons and/or take offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance by your Driver, Trucking Company, or other agencies or organizations, inclusive of any summary or computer

generated type record of systematic lubrication, inspection and maintenance records and documents in the possession of your Driver or Trucking Company or other parties. Please be reminded that the "Tractor" and "Trailer" is defined above to be the units involved in the "collision" in this case. This definition specifically includes any and all driver daily condition reports created by any driver, and maintenance files and records maintained by and in the possession of any other person or organization performing maintenance services for or on behalf of your Driver or Trucking Company.

The term "Tractor" or "Vehicle," in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred, which may also be referred to as your "Vehicle."

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 33:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of the titles of both the Tractor and Trailer involved in the collision on September 14, 2018 in their precise state of existence on the date of the collision.

The term "Tractor" in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred, which may also be referred to as your "Vehicle."

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 34:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of any and all created "vehicular movement recording documents or records," such as any Tractor trip computer generated documents, tachograph charts, computer generated trip printouts or any other documents generated by whatever means, in reference to the physical movement of the Tractor and/or Trailer involved in the collision, from one month before collision to the date of the collision on September 14, 2018. This request specifically excludes dispatch records, driver's daily logs or records of duty status as covered by other requests for production herein.

The term "Tractor" or "Vehicle," in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred, which may also be referred to as your "Vehicle."

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 35:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of any and all agreements, contracts, leases, or written arrangements in effect when the collision occurred on September 14, 2018 between Bryson Juriel Bowers and you, including any contracts to perform transportation services on your behalf. This specifically includes any owner/operator, sale or leasing of truck(s), tractor(s) and/or trailer(s) documents, or lease purchase agreement(s) between Bowers and you, or other persons in reference to the equipment operated by or services performed by Bowers.

- 30 -

The term "Tractor" or "Vehicle," in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred, which may also be referred to as your "Vehicle."

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 36:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of any contracts, purchases, loans, leases, maintenance, rental or payment contracts or agreements, involving the Tractor and/or Trailer in effect when the collision occurred on September 14, 2018.

The term "Tractor" or "Vehicle," in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred, which may also be referred to as your "Vehicle."

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 37:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of your systematic inspection, repair and maintenance, equipment program, or maintenance files and records required by 49 C.F.R. § 396, inclusive of one blank copy each of all forms and documents utilized in accomplishing compliance with 49 C.F.R. § 396. This specifically includes any documents or records on systematic inspection, repair or maintenance of equipment created and in effect on the date the collision occurred by any other organization you or Bowers may have rented, leased or contracted with in reference to the Tractor and/or

Trailer. The purpose of this request is for the Plaintiff to acquire a basic understanding of your systematic vehicular maintenance system.

The term "maintenance files and records" in this request means those documents required to be created and/or maintained by you or other parties in accordance with 49 C.F.R. § 396, "Inspection, Repair and Maintenance." This includes the "Tractor" and "Trailer" daily condition reports prepared by your Driver and other drivers of same, all inspections, repairs, list of add-ons and/or take offs of equipment parts and accessories, accounting records, bills, or notes of repairs or maintenance by your Driver, Trucking Company, or other agencies or organizations, inclusive of any summary or computer generated type record of systematic lubrication, inspection and maintenance records and documents in the possession of your Driver or Trucking Company or other parties. Please be reminded that the "Tractor" and "Trailer" is defined above to be the units involved in the "collision" in this case. This definition specifically includes any and all driver daily condition reports created by any driver, and maintenance files and records maintained by and in the possession of any other person or organization performing maintenance services for or on behalf of your Driver or Trucking Company.

The term "Tractor" or "Vehicle," in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred, which may also be referred to as your "Vehicle."

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 38:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of any and all operational or administrative computer or otherwise generated documents and materials in reference to the daily, weekly, or monthly operations of Bryson Juriel Bowers and/or the vehicle operated on your behalf of or during his employment with you, or contracted with you, inclusive of driver(s), tractor(s), and trailer(s) maintenance, operational and dispatch generated data showing trips made or loads transported by Bowers from one month before the collision up to when the collision occurred on September 14, 2018.

The term "trip" in this request means the transportation and/or movement of one load of cargo and/or vehicle, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel "empty or unloaded" from that destination point to the next point or location of loading, end of trip, or new trip origin.

The term "operational documents" in this request includes the following applicable to the records generated for **each** "trip" made by you during the time period requested:

A.   Complete and clearly readable copies of e-mail communications, trip reports, trip envelopes, daily loads delivered or picked up or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by any of the Defendants, inclusive of daily, weekly, or monthly cargo transported, time and/or distance traveled reports or work records, excluding only those documents known as "driver's daily logs" or driver's record of duty status.

B.   Complete and clearly readable copies of receipts for any trip expenses or purchases made by Bowers or Co-Driver during a trip regardless of type of purchase, such as fuel, weighing of vehicle, food, lodging, equipment maintenance, repair or

equipment cleaning, special or oversize permits, bridge and/or toll road, loading or unloading cost, or other receipts regardless of the type of object or services purchased.

C.      Complete and clearly readable copies of cargo pickup or delivery orders prepared by any of the Defendants, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and operations of your vehicle.

D.      Complete and clearly readable copies of any and all written requests, letters, instructions, Hazardous Materials Shipping Papers, or orders for transportation of cargo prepared by any Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or sales personnel, drivers, or other persons or organizations relative to the operations of your vehicle.

E.      Complete, unredacted, and clearly readable copies of all bills of lading and/or manifest prepared or issued by any shipper, broker, transporting motor carriers personnel, receivers of cargo, or any of the Defendants. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery relative to the operations of your vehicle.

F.      Complete, unredacted and clearly readable copies of all equipment or cargo loading and unloading or detention of equipment records along with any other documents showing cargo pickup and delivery dates, and times or delays and/or detention of equipment relative to operations of your vehicle.

G.      Complete, unredacted, and clearly readable copies of all cargo transported freight bills, Pro's or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate pick up or delivery of cargo by Bowers or a Co-Driver.

H.  Complete, unredacted, and clearly readable copies of all written instructions, orders, advice, or other documents given to you in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup, and delivery times issued by you or any Defendant, shippers, receivers, or any other persons or organizations.

I.  Complete, unredacted, and clearly readable copies of dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the operations or movements of your vehicle, or Bowers' activities.

J.  Complete, unredacted, and clearly readable copies of any call-in records, or otherwise described written records indicating any communications between Bowers, Co-Driver(s), and you.

K.  Complete, unredacted, and clearly readable copies of all accounting records, merchandise purchased, cargo transportation billings, or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed for you by Bowers and Co-Drivers.

L.  Complete, unredacted, and clearly readable copies of all initial or rough trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary to Bowers in reference to a trip or trips. This specifically includes any summary type documents showing all payments made to Bowers and Co-Driver(s) regardless of the purpose of payment or period of time payment was made for.

M.  Complete, unredacted, and clearly readable copies of any and all motor carrier or trip fuel mileage and purchase reports or records created by Bowers. This specifically includes all documents and computer generated documents,

- 35 -

regardless of form or subject, received from any source such as the organization known as "COMCHECK," or "EFS" generated for or by you or other Defendants showing date, time, and location of fuel or other purchases by Bowers or Co-Drivers while on the trips requested herein.

N.    Complete, unredacted, and clearly readable copies of all checks or otherwise described negotiable instruments issued to Bowers or Co-Driver(s) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessor service in the possession of any of the Defendants. Specifically copies of both the front and back of each check and/or COMCHECK issued to your Driver or Co-Driver(s) is requested.

O.    Complete, unredacted, and clearly readable copies of any and all state special fuel or oversized permits and any related documents or requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment for the permit(s) issued by any governmental agency is specifically requested that relate to the movement of Bowers and/or Co-Driver(s).

P.    Complete, unredacted, and clearly readable copies of any and all trip leases or trip lease contracts involving Bowers or Co-Drivers along with all related documentation issued to or created or received by any of the Defendants. Specifically, this includes any trip leases negotiated between any of the Defendants and/or any other motor carrier or their drivers inclusive of all related documentation thereto. Basically, "related documentation" consist of any documents created or generated in reference to the trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier certification of driver's qualification, and includes other documents that relate to the billing and payment for such movement of freight, along with all other types of documentation regardless of form or description, relative to each occurrence involving the service and activities of Bowers or Co-Driver(s).

Q.   Complete, unredacted, and clearly readable copies of all weigh station records and all scale receipts during the time period requested..

R.   Complete and clearly readable copies of any and all other operational documents, as well as all other notes, diaries, notebooks, computer files, etc. created or received by any of the Defendants, or any other persons or organizations, regardless of form or description and not defined herein, in the possession of you or any of the Defendants, and relative to the operations, activities, movements and trip accomplished by Bowers or Co-Driver(s) during the time period requested.

You are requested to follow closely and to group and identify all documents produced by each trip occurring during the requested time periods.

**REQUEST NO. 39:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of any and all documents relating to U.S. Department of Transportation (DOT) safety ratings or enforcement proceedings, including copies of DOT and state reports or recommendations, correspondence, documents pertaining to safety, hours of service records, false log violations, or to training and discipline actions taken related to compliance or safety reviews and subsequent violations.

The term "hours of service records" in this request means any and all documents created in reference to 49 C.F.R. § 395, including, Bowers' record of duty status or daily drivers' logs, time worked cards or other time worked records or summaries, your administrative log audits and/or 70/60-hour log audits along with any records or reports of violations, or any otherwise described documents advising any of Bowers' or a Co-Driver's hours of service violations. This specifically includes all advice,

- 37 -

reprimands or warnings sent to Bowers or any of your Co-Driver(s) for violations of 49 C.F.R. § 395, "Hours of Service of Drivers" regulations by or on behalf of you or other parties over which you have control.

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

**REQUEST NO. 40:** Please produce for inspection and copying complete, unredacted, and clearly readable copies of written instructions or examples issued by you to Bryson Juriel Bowers in reference to completion of company reports, driver's trip reports, driver's record of duty status (logs) or time worked records or hours of service records, routes to travel, or when drivers were required to call in, inclusive of any other instructional documents relating to trips or loads transported.

The term "trip" in this request means the transportation and/or movement of one load of cargo and/or vehicle, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel "empty or unloaded" from that destination point to the next point or location of loading, end of trip, or new trip origin.

The term "hours of service records" in this request means any and all documents created in reference to 49 C.F.R. § 395, including, Bowers' record of duty status or daily drivers' logs, time worked cards or other time worked records or summaries, your administrative log audits and/or 70/60-hour log audits along with any records or reports of violations, or any otherwise described documents advising any of Bowers' or

a Co-Driver's hours of service violations. This specifically includes all advice, reprimands or warnings sent to Bowers or any of your Co-Driver(s) for violations of 49 C.F.R. § 395, "Hours of Service of Drivers" regulations by or on behalf of you or other parties over which you have control.

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

**REQUEST NO. 41:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of any and all state Tractor and/or Trailer fuel or cab cards, state prorate registrations, or state vehicle registrations in your possession, or in the possession of any of the Defendants over which you have control, and applicable to the operation of the Tractor and Trailer when the collision occurred on September 14, 2018.

The term "Tractor" or "Vehicle," in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred, which may also be referred to as your "Vehicle."

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 42:**  Please produce for inspection and copying complete and unredacted purchase printouts or other records from fuel vendors for Bryson Juriel

Bowers for the 30 days before the collision on September 14, 2018, and including the day of the collision.

**REQUEST NO. 43:**  Please produce for inspection and copying complete and unredacted policies on call-in records and all call-in records for Bryson Juriel Bowers for the 30 days before the collision on September 14, 2018, and including the day of the collision.

**REQUEST NO. 44:**  Please produce for inspection and copying complete and unredacted policies on dispatch records as well as all dispatch records for Bryson Juriel Bowers for the 30 days before the collision on September 14, 2018, and including the day of the collision.

**REQUEST NO. 45:**  Please produce for inspection and copying complete and unredacted policies on out of service tractor, trailers, and vehicles as well as all out of service records for your Tractor, and Trailer from the date Bryson Juriel Bowers began employment with you until the collision occurred on September 14, 2018.

The term "Tractor" or "Vehicle," in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred, which may also be referred to as your "Vehicle."

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 46:**  Please produce for inspection and copying complete and unredacted policies on driver log auditing as well as all driver log audits for Bryson

Juriel Bowers from the date he began employment with you until the date of the collision on September 14, 2018.

**REQUEST NO. 47:**  Please produce for inspection and copying complete and unredacted policies on hours of service reporting and auditing as well as all hours of service reports and audits for Bryson Juriel Bowers from the date he began employment with you until the date of the collision on September 14, 2018.

The term "hours of service records" in this request means any and all documents created in reference to 49 C.F.R. § 395, including, Bowers' record of duty status or daily drivers' logs, time worked cards or other time worked records or summaries, your administrative log audits and/or 70/60-hour log audits along with any records or reports of violations, or any otherwise described documents advising any of Bowers' or a Co-Driver's hours of service violations. This specifically includes all advice, reprimands or warnings sent to Bowers or any of your Co-Driver(s) for violations of 49 C.F.R. § 395, "Hours of Service of Drivers" regulations by or on behalf of you or other parties over which you have control.

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

**REQUEST NO. 48:**  Please produce for inspection and copying all leases relating to the Tractor and Trailer involved in the collision.

- 41 -

The term "Tractor" in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred.

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 49:** Please produce for inspection and copying all documents pertaining to the load your Tractor and Trailer were carrying at the time of the collision on September 14, 2018, including the load's weight; the name and address of the person or company that shipped the load; the name and address of the person or company that was to receive the load; the date, time, and location where the load was picked up from that your vehicle was hauling at the time of the collision; the location where the load was to be delivered and the scheduled delivery date and time; the type of shipment, *i.e.*, F.O.B., C.O.D., etc.; and the person(s) who loaded the shipment.

The term "Tractor" in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred.

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 50:** Please produce for inspection and copying complete and unredacted documents relating to the Tractor and Trailer Bryson Juriel Bowers was operating at the time of the collision showing their make, model, year of manufacture, date of purchase or lease, weight, length, width, logged miles, maintenance history, damage history, license numbers, placards, current owner and location, and all accessory equipment installed including but not limited to email contact equipment, on-

board data recorders, data logging units, electronic control module, vehicle control module; Qualcomm OmniExpress, Terrion FleetView or other GPS positioning and/or communication system; Qualcomm OmniTRACS or other satellite based tracking and communication system; transponder; camera system; tire pressure monitoring; EatonVorad or other radar-based collision warning system; EatonVorad SmartCruise or other radar based adaptive cruise control; Eaton Vehicle Information Management System; rollover control system; lane guidance system; anti-lock brake system or electronic brake system.

**REQUEST NO. 51:** Please produce for inspection and copying complete and unredacted policies on collision reporting or investigation, collision review committees, or determinations of whether a collision was preventable.

**REQUEST NO. 52:** Please produce for inspection and copying complete and unredacted collision reports, collision investigation or collision review committee records, or determinations of whether any collision caused by Bryson Juriel Bowers during his employment with you was preventable, including the one at issue in this case.

**REQUEST NO. 53:** Please produce for inspection and copying complete and unredacted policies on orientation, periodic, and remedial training and verification of such training, including training on issues such as fatigue, lane maintenance, Tractor and Trailer weight, route selection to complete trips, collision reporting requirements, etc., from the date Bryson Juriel Bowers began his employment with you until the collision occurred on September 14, 2018.

The term "trip" in this request means the transportation and/or movement of one load of cargo and/or vehicle, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel "empty or unloaded" from that destination point to the next point or location of loading, end of trip, or new trip origin.

The term "Tractor" in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred.

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 54:** Please produce for inspection and copying complete and unredacted policies on driver's license record checks, notification to drivers of the results of such checks, and retraining requirements for moving violations, as well as all records pertaining to driver's license record checks, notification of such checks, and any retraining requirements for Bryson Juriel Bowers from the date he began his employment with you until the collision occurred on September 14, 2018.

**REQUEST NO. 55:** Please produce for inspection and copying your complete and unredacted company policies concerning inspection policies and procedures of all tractors and trailers, including the tractor and trailer Bryson Juriel Bowers was driving when the collision occurred on September 14, 2018, to include physical inspection as well as the electronic retrieval from on-board computers, communications equipment, satellite tracking, and other electronic equipment, from the date Bowers began his employment with you until the collision occurred on September 14, 2018.

**REQUEST NO. 56:**  Please produce for inspection and copying your complete and unredacted company retention policies concerning documentary information and electronically retrieved data from the date Bowers began his employment with you until the collision occurred on September 14, 2018.

**REQUEST NO. 57:**  Please produce for inspection and copying your complete and unredacted Corporate, Partnership, or LLC Agreement, as well as your Articles of Incorporation, if any, which were in effect when the collision occurred on September 14, 2018.

**REQUEST NO. 58:**  Please produce for inspection and copying your complete and unredacted documents showing the corporate relationship between you and PepsiCo, Inc. in effect when the collision occurred on September 14, 2018.

**REQUEST NO. 59:**  Please produce for inspection and copying all certificates of authority, license, or permit issued by the Interstate Commerce Commission, the U.S. Department of Transportation, any state agency or any other authority, which were in effect when the collision occurred on September 14, 2018.

**REQUEST NO. 60:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of your officers', executives' or administrators' notices, directives, bulletins, or other instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by your company personnel, managers, supervisors, dispatchers and drivers, including any document relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure

to comply Federal Motor Carrier Safety Regulations (49 C.F.R. §§ 380-397) in existence
and effective when the collision occurred on September 14, 2018.

**REQUEST NO. 61:** Please produce for inspection and copying complete,
unredacted, and clearly readable copies of all generated motor carrier transportation
scheduling, dispatch, load or operational daily or monthly summary data produced by
you from one month before the collision on September 14, 2018 through the date of the
collision relative to Bryson Juriel Bowers' operations and/or Co-Drivers. This
specifically includes any documents showing information such as load or trip numbers
assigned, equipment number(s), date of cargo pick up or delivery, name of cargo
shippers/receivers, drivers, dates of transport by other motor carrier organizations
and/or your drivers assigned to transport cargo on behalf of other motor carriers (trip
leasing).

The term "Co-Driver" in this request means any person(s) driving or riding with
Bryson Juriel Bowers from time to time in over the road motor carrier equipment,
owned or operated by you, and from time to time working for or with Bowers in the
capacity of a Co-Driver and/or driver trainer.

The term "trip" in this request means the transportation and/or movement of
one load of cargo and/or vehicle, regardless of load size or type, from its origin(s) to
final destination(s) and includes the travel "empty or unloaded" from that destination
point to the next point or location of loading, end of trip, or new trip origin.

**REQUEST NO. 62:** Please produce for inspection and copying complete,
unredacted, and clearly readable copies of one original blank form of each of the

operational documents or forms utilized by you, or any of the Defendants over whom you have control, in the operations, movement or control of cargo transported, determination of wages and/or trip settlement with drivers, which were in effect when the collision occurred on September 14, 2018, excluding only "negotiable instruments" such as checks. The purpose of this request is the Plaintiff to develop and understand the methods, manner, and way you operate and control your transportation of freight, drivers and equipment.

The term "Driver" or "Drivers" in this request means Bryson Juriel Bowers, and any person employed by, or contracted for or with you, including persons known as Co-Drivers, driver trainer, independent contractors, owner operators or trip lessors, and includes persons furnished you or other Defendants as drivers by any other person or organization who perform driving services on their behalf.

The term "trip" in this request means the transportation and/or movement of one load of cargo and/or vehicle, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel "empty or unloaded" from that destination point to the next point or location of loading, end of trip, or new trip origin.

The term "Co-Driver" in this request means any person(s) driving or riding with Bowers from time to time in over the road motor carrier equipment, owned or operated by you, and from time to time working for or with Bowers in the capacity of a Co-Driver and/or driver trainer.

The term "operational documents" in this request includes the following applicable to the records generated for **each** "trip" made by you during the time period requested:

A. Complete and clearly readable copies of e-mail communications, trip reports, trip envelopes, daily loads delivered or picked up or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by any of the Defendants, inclusive of daily, weekly, or monthly cargo transported, time and/or distance traveled reports or work records, excluding only those documents known as "driver's daily logs" or driver's record of duty status.

B. Complete and clearly readable copies of receipts for any trip expenses or purchases made by Bowers or Co-Driver during a trip regardless of type of purchase, such as fuel, weighing of vehicle, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll road, loading or unloading cost, or other receipts regardless of the type of object or services purchased.

C. Complete and clearly readable copies of cargo pickup or delivery orders prepared by any of the Defendants, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and operations of your vehicle.

D. Complete and clearly readable copies of any and all written requests, letters, instructions, Hazardous Materials Shipping Papers, or orders for transportation of cargo prepared by any Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or sales personnel, drivers, or other persons or organizations relative to the operations of your vehicle.

E. Complete, unredacted, and clearly readable copies of all bills of lading and/or manifest prepared or issued by any shipper, broker, transporting motor carriers personnel, receivers of cargo, or any of the Defendants. This specifically includes readable and complete copies of bills of lading,

- 48 -

manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery relative to the operations of your vehicle.

F.      Complete, unredacted and clearly readable copies of all equipment or cargo loading and unloading or detention of equipment records along with any other documents showing cargo pickup and delivery dates, and times or delays and/or detention of equipment relative to operations of your vehicle.

G.      Complete, unredacted, and clearly readable copies of all cargo transported freight bills, Pro's or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate pick up or delivery of cargo by Bowers or a Co-Driver.

H.      Complete, unredacted, and clearly readable copies of all written instructions, orders, advice, or other documents given to you in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup, and delivery times issued by you or any Defendant, shippers, receivers, or any other persons or organizations.

I.      Complete, unredacted, and clearly readable copies of dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the operations or movements of your vehicle, or Bowers' activities.

J.      Complete, unredacted, and clearly readable copies of any call-in records, or otherwise described written records indicating any communications between Bowers, Co-Driver(s), and you.

K.      Complete, unredacted, and clearly readable copies of all accounting records, merchandise purchased, cargo

transportation billings, or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed for you by Bowers and Co-Drivers.

L.     Complete, unredacted, and clearly readable copies of all initial or rough trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary to Bowers in reference to a trip or trips. This specifically includes any summary type documents showing all payments made to Bowers and Co-Driver(s) regardless of the purpose of payment or period of time payment was made for.

M.    Complete, unredacted, and clearly readable copies of any and all motor carrier or trip fuel mileage and purchase reports or records created by Bowers. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source such as the organization known as "COMCHECK," or "EFS" generated for or by you or other Defendants showing date, time, and location of fuel or other purchases by Bowers or Co-Drivers while on the trips requested herein.

N.     Complete, unredacted, and clearly readable copies of all checks or otherwise described negotiable instruments issued to Bowers or Co-Driver(s) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessor service in the possession of any of the Defendants. Specifically copies of both the front and back of each check and/or COMCHECK issued to your Driver or Co-Driver(s) is requested.

O.     Complete, unredacted, and clearly readable copies of any and all state special fuel or oversized permits and any related documents or requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment for the permit(s) issued by any governmental agency is specifically requested that relate to the movement of Bowers and/or Co-Driver(s).

P.   Complete, unredacted, and clearly readable copies of any and all trip leases or trip lease contracts involving Bowers or Co-Drivers along with all related documentation issued to or created or received by any of the Defendants. Specifically, this includes any trip leases negotiated between any of the Defendants and/or any other motor carrier or their drivers inclusive of all related documentation thereto. Basically, "related documentation" consist of any documents created or generated in reference to the trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier certification of driver's qualification, and includes other documents that relate to the billing and payment for such movement of freight, along with all other types of documentation regardless of form or description, relative to each occurrence involving the service and activities of Bowers or Co-Driver(s).

Q.   Complete, unredacted, and clearly readable copies of all weigh station records and all scale receipts during the time period requested..

R.   Complete and clearly readable copies of any and all other operational documents, as well as all other notes, diaries, notebooks, computer files, etc. created or received by any of the Defendants, or any other persons or organizations, regardless of form or description and not defined herein, in the possession of you or any of the Defendants, and relative to the operations, activities, movements and trip accomplished by Bowers or Co-Driver(s) during the time period requested.

You are requested to follow closely and to group and identify all documents produced by each trip occurring during the requested time periods.

**REQUEST NO. 63:** Please produce for inspection and copying complete, unredacted, and clearly readable copies of the United States Federal Income Tax forms, copies of payroll and other checks, check stubs, and all other available payroll information and pay documents furnished to Bryson Juriel Bowers, or in reference to his service for you for the pay period when the collision occurred on September 14,

2018, including the tax forms for the tax year in which the collision occurred, and the tax forms for the tax year before the year of the collision.

**REQUEST NO. 64:** Please produce for inspection and copying complete, unredacted, and clearly readable copies of the federally required insurance forms (MCS-82 and 90) required to be in your possession in accordance with 49 C.F.R. § 387.7(d), which was in effect when the collision occurred on September 14, 2018.

**REQUEST NO. 65:** Please produce for inspection and copying complete, unredacted, and clearly readable copies of all documents received from or sent to any "compliance or fleet safety" employee of yours, or agent of your parent company, if applicable, or independent consultant(s), representing the interest of you or Bryson Juriel Bowers. This includes all correspondence to and from, compliance or terminal audits or reports, and all otherwise described documentation originated from one month before the collision  on September 14, 2018, to one year after the collision.

**REQUEST NO. 66:** Please produce in electronic format (.pdf) all information generated by the use of on-board computers, communication equipment, satellite tracking equipment, GPS and all other accessory equipment referred to within the preceding Request for Production of Documents. If a .pdf electronic format is not possible, please advise which electronic formats are available.

**REQUEST NO. 67:** Please attach all of your Collision Review Committee's minutes, notes, letters, reprimands and other written or electronic records related to the events concerning the collision on September 14, 2018.

**REQUEST NO. 68:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of the following:

A.     Your log audit program or policy manual;

B.     Your vehicle maintenance policy or procedure manual;

C.     Your document retention/destruction policy;

D.     Your dispatch manual;

E.     Your safety manual;

F.     Your operations manual; and

G.     Your training manual and driver education materials.

**REQUEST NO. 69:**  Please produce for inspection and copying complete, unredacted, and clearly readable copies of the following from when the collision occurred up to the present: all certificates of authority, licenses or permits issued by the Interstate Commerce Commission, the U.S. Department of Transportation, and any state agency or any other trucking authority.

**REQUEST NO. 70:**  Please produce for inspection and copying your complete and unredacted written policies for reviewing your motor fleet safety and compliance programs status on a periodic basis, as well as all documents reflecting such a review, within the last ten (10) years.

**REQUEST NO. 71:**  Please produce for inspection and copying the complete and unredacted reports downloaded from on-board computers, "black boxes," satellite tracking, transponders, or other tracking, diagnostic, or writable electronic equipment on the tractor or trailer involved in the collision on September 14, 2018. Please also

- 53 -

produce the operator's manual for the brand and model of all such equipment. If such information is no longer available, please produce for inspection and copying your hard copy and/or electronic record retention policies for such equipment, as well as documentation reflecting your efforts to retrieve and/or preserve the information contained in such equipment following the collision.

The term "Tractor" in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred.

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 72:**  Please produce for inspection and copying your complete and unredacted policies reflecting how on-board computers, "black boxes," satellite tracking, transponders, or other tracking, diagnostic, or writable electronic equipment on the tractor or trailer involved in the collision on September 14, 2018 was used to control any hours violations committed by Bryson Juriel Bowers, and/or driving activities.

The term "Tractor" in this request means the over the road vehicular power unit being operated by Bryson Juriel Bowers at the time the collision occurred.

The term "Trailer" in this request means the Trailer attached to the power unit being operated by Bowers at the time the collision occurred.

**REQUEST NO. 73:**  To the extent not otherwise produced herein, please produce for inspection and copying complete, unredacted, and clearly readable copies of any and all written documents, letters, directives, memorandums, notes, or notices from you

to Bryson Juriel Bowers, or from Bowers to another Defendant or trucking company within your control, not produced in accordance with any other request herein, related to the collision on September 14, 2018.

**REQUEST NO. 74:** To the extent not otherwise requested by these Requests for Production, please produce for inspection and copying complete, unredacted, and clearly readable copies of all, company manuals, dispatch policies, employee handbooks, films, job descriptions, training materials, company issued rules and regulations, directives, notices or posted notices in effect when the collision occurred on September 14, 2018, created or utilized by you in controlling or directing Bryson Juriel Bowers' training operations, work, activities, job performance, timely pickup and delivery of cargo, safety or compliance with regulations inclusive of any educational materials in reference to the Federal Motor Carrier Safety Regulations and any Trucking Company Motor Carrier Fleet Vehicular Safety program materials in place and effective when the collision occurred.

**REQUEST NO. 75:** To the extent not otherwise requested by these Requests for Production, please provide complete and unredacted copies of your personnel file for Bryson Juriel Bowers, and his supervisor, including their full names and any other names by which they have been known; present and permanent mailing address; level of education and degrees earned together with the names and addresses of all schools, colleges, and vocational training attended, if any, with dates of attendance; a description of military service, if any, with rank, any medals awarded, and whether honorably discharged; length of time engaged as a truck driver; the name, address and

- 55 -

telephone number of their employers since graduation from high school on file, and for each such employment their job duties, rate of pay, dates of employment and reasons for termination of each such employment.

**REQUEST NO. 76:** Please produce the name, address, and job title for the employee and/or agent who hired Bryson Juriel Bowers.

**REQUEST NO. 77:**   Please produce the name, address, and job title for the employee and/or agent who provided Driver training to Bryson Juriel Bowers.

**REQUEST NO. 78:**   Please produce the name, address, and job title for the employee and/or agent who had safety and training oversight (Director of Safety) of Bryson Juriel Bowers.

**REQUEST NO. 79:**   Please produce the name, address, and job title for the employee and/or agent who investigated the collision.

**REQUEST NO. 80:**   Please produce the names, addresses, and job titles for the members of your Collision Review Committee when the collision occurred on September 14, 2018, up to the present date.

**REQUEST NO. 81:** Please produce the names, addresses, and job titles for dispatchers responsible for Bryson Juriel Bowers for the trip he was making when the collision occurred on September 14, 2018, up to the present date.

The term "trip" in this request means the transportation and/or movement of one load of cargo and/or vehicle, regardless of load size or type, from its origin(s) to final destination(s) and includes the travel "empty or unloaded" from that destination point to the next point or location of loading, end of trip, or new trip origin.

**REQUEST NO. 82:**  Please produce the name, address, and job title for the employee and/or agent who was responsible for ensuring Bryson Juriel Bowers' compliance with DOT hours of service regulations when the collision occurred on September 14, 2018, and who said person is currently.

**REQUEST NO. 83:**  Please produce the name, address, and job title for the employee and/or agent who was the supervisor of Bryson Juriel Bowers when the collision occurred on September 14, 2018, and who said person is currently.

**REQUEST NO. 84:**  Please produce the name, address, and job title for the employee and/or agent who was the medical review officer when the collision occurred on September 14, 2018, and who said person is currently.

**REQUEST NO. 85:**  Please produce the name, address, and job title for the employee and/or agent who was the head of dispatch when the collision occurred on September 14, 2018, and who said person is currently.

**REQUEST NO. 86:**  Please produce the name, address, and job title for the employee and/or agent who was the chief of operations when the collision occurred on September 14, 2018, and who said person is currently.

**REQUEST NO. 87:**  Please produce the name, address, and job title for the employee and/or agent who was the head of maintenance for the tractor or trailer operated by Bryson Juriel Bowers when the collision occurred on September 14, 2018, and who said person is currently.

**REQUEST NO. 88:**  To the extent not previously requested, please produce the name, address, and job title for the employee and/or agent who was and is currently

responsible for maintaining records for each of the previously described persons who hired Bryson Juriel Bowers.

**REQUEST NO. 89:** Please produce the name, address, and job title for the employee(s) or agent(s) who is the corporate representative(s) for this litigation on your behalf in accordance with FED. R. CIV. P. 30(b)(6) for the request for production herein, and matters of examination including your individual drivers' compliance and your compliance with state and Federal Motor Carrier Safety Regulations, your safety policies and procedures, document retention, and the supervision and training of your drivers, supervisors, dispatchers and other employees discussed within the interrogatories and request for production of documents herein.

**REQUEST NO. 90:** Please produce complete and unredacted documents relating to payments by you or your insurance carrier for damages to Plaintiff's vehicle caused by the collision on September 14, 2018; towing, salvage and the present location of the Plaintiff's vehicle; all repair estimates, damage estimates or repair bills for Plaintiff's vehicles; and all digital photographs and videos of Plaintiff's vehicle in as high resolution as possible, along with all photographic prints if different from the digital photographs.

Dated April 4, 2022.

Respectfully submitted,

S. Taylor Chaney, AR BIN 2010011
Donald P. Chaney, Jr., AR BIN 78027
Attorney for Plaintiff
Chaney Law Firm, P.A.
P.O. Box 1405
Arkadelphia, AR 71923

- 58 -

Telephone:   870-246-0600
Facsimile:    866-734-0971
Email: taylor@chaneylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2022, I served the foregoing document upon the opposing parties via electronic filing to the attorneys of record listed below:

<u>VIA ELECTRONIC FILING</u>
Mr. Greg Jones
Mr. Alexander Jones
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Ste 2300
Little Rock, AR 72201-3699
Telephone:   501-371-0808
Facsimile:   501-376-9442
Email: gjones@wlj.com
           ajones@wlj.com

/s/ S. Taylor Chaney
S. Taylor Chaney