IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIFFANY ROWAN**                                                                    **PLAINTIFF**

**VS.**                    **NO. 4:21-CV-00911-KGB**

**PEPSICO, INC.,**
**NEW BERN TRANSPORT CORPORATION**
**BRYSON JURIEL BOWERS**                           **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND
FOR INTERIM PRETRIAL CONFERENCE**

The facts relating to Defendants' motion are set out in the motion itself and, for the sake of brevity, need not be repeated here. The *key* facts are that after extended discussions, counsel have been unable to resolve issues over various discovery issues. Defendants have lodged objections based on several different rationales. Some get into issues of proportionality (and sheer volume). Others are as elementary as the fact that information and documents Plaintiff requested are confidential or proprietary and therefore the release of such data must be protected. And yet, unfortunately, the Plaintiff has refused (without explanation) to accept the terms of a standard protective order that defense counsel has used (without controversy) in many other cases. That includes litigation before this very Court.

Defendants request that the Court consider entering such a protective order so that discovery can proceed and the materials can be exchanged. The language of the order that Defendants shared with Plaintiff is straightforward. Defendants submit it would be appropriate for the case at bar. But so long as the form of any

2797419-v1

alternative order contains basic safeguards, Defendants are amenable to entry of such an order so that the flow of documentation can commence.  Without it, the parties are at an impasse.  Authority exists under rule 26(c)(1)(B), (F) and (G) for entry of such order.

     Unfortunately, the protective-order issue over confidential materials is not the sole impediment to progress.  While counsel have discussed many discovery issues, few have been resolved.  As a result, Defendants respectfully request a pre-trial conference with the Court pursuant to Rule 16(c)(2) so that things can be placed back on track.  Without such conference, Defendants fear that the case won't be trial ready by the current deadlines.

                        Gregory T. Jones (83097)
                        Alexander T. Jones (2015246)
                        WRIGHT, LINDSEY & JENNINGS LLP
                        200 West Capitol Avenue, Suite 2300
                        Little Rock, Arkansas 72201-3699
                        (501) 371-0808
                        FAX: (501) 376-9442
                        E-MAIL: gjones@wlj.com; ajones@wlj.com
                        *Attorneys for Defendants*