IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIFFANY ROWAN**                                                                                     **PLAINTIFF**

**v.**                                **4:21-cv-00911-KGB**

**PEPSICO, INC.,**                                                         **DEFENDANTS**
**NEW BERN TRANSPORT CORPORATION, and**
**BRYSON JURIEL BOWERS**

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE
ORDER AND FOR INTERIM PRETRIAL CONFERENCE**

Plaintiff Tiffany Rowan responds to Defendants' ***Motion*** *for Protective Order and for Interim Pretrial Conference*, and provides the particular grounds, including the factual and legal support, for the Court to find Defendants have not shown good cause for their protective order under FED. R. CIV. P. 26(c). Accordingly, for the reasons that follow, the Court should deny Defendants request for a protective order. However, Rowan joins in Defendants' request for an interim pre-trial conference to resolve the parties outstanding discovery issues.

**1. FACTUAL BACKGROUND.**

This case arises from a motor vehicle collision that occurred on September 14, 2018. Defendant Bowers disregarded a traffic signal prohibiting more than two-axel vehicles from traveling south up Cedar Hill Road near Allsopp Park in Little Rock, Arkansas.[1] Travelling north down Cedar Hill Road, Rowan turned around a sharp corner to find Bowers' Pepsi tractor-trailer truck taking up both lanes of travel and

---
[1] *See* Doc # 14, Pl.'s *First Amend. Complaint* ¶¶ 24-26 (Sept. 1, 2022), p. 5-6.

slammed on her breaks to avoid a collision with the trailer, which in turn wedged Rowan's knees underneath the vehicle and pinned her inside it.[2] Bowers then backed his trailer over the hood of Rowan's vehicle, causing her to fear for her life.[3] Rowan sought treatment three days following the collision, and subsequent medical testing indicated the wreck caused permanent injuries.[4]

Rowan filed suit on September 8, 2021, alleging claims for negligent supervision, negligent training, and *respondeat superior* liability against Defendant PepsiCo and Defendant New Bern,[5] as well as a claim for negligence against Defendant Bowers.[6] On March 14, 2022, the parties submitted their Rule 26(f) report.[7] On April 4, 2022, Rowan served her first set of written discovery to Defendant New Bern,[8] who served its responses to Rowan on May 4, 2022.[9] On June 8, 2022, Rowan conferred or attempted to confer with New Bern in good faith in an effort to obtain the requested discovery without court action, which identified the general and specific relevance of each request, and also identified the deficiencies in New Bern's discovery responses.[10] For example, Rowan identified several responses showing New Bern's privilege claims

---

[2] *See* Doc # 14, at ¶¶ 27-32, p. 7-8.

[3] *See* Doc # 14, at ¶ 34, p. 9.

[4] *See* Doc # 14, at ¶¶ 48-67, p. 13-15.

[5] *See* Doc # 14, at ¶¶ 68-91, 113-15, 130-34, p. 16-20, 24-29.

[6] *See* Doc # 14, at ¶¶ 92-112, 116-30, p. 21-27.

[7] *See* Doc # 11, *Rule 26(f) Joint Report* (Mar. 14, 2022).

[8] **<u>Motion</u>**, **Exhibit 1**, Pl.'s *First Set of Interrogatories and Requests for Production of Documents Propounded to New Bern Transport Corporation* (Apr. 4, 2022).

[9] **<u>Response</u>**, **Exhibit A**, *Sep. Def. New Bern Transport Corp.'s Responses to Pl.'s First Set of Interrogs. & Requests for Produc. of Doc's* (May 4, 2022).

[10] **<u>Response</u>**, **Exhibit B**, letter from Rowan to New Bern dated June 8, 2022 conferring in good faith to obtain the requested discovery without court action.

were waived due to New Bern's failure to describe the nature of the information withheld.[11] Likewise, Rowan noted New Bern's failure to respond was not excused because it did not timely file for a protective order.[12]

New Bern never responded in writing to Rowan's letter of June 8, 2022. The parties conferred at least three times during telephone conferences about the above discovery requests. During the course of these conversations, defense counsel agreed to provide a number of items when a "plain vanilla" protective order was entered, which ended up being **Exhibit 2** to the *Motion*. This is far from "plain vanilla," which is further explained below. Accordingly, Rowan submitted her own protective order for Defendants consideration,[13] to which Defendants did not agree. Consequently, no protective order has been entered, and no additional discovery has been provided, even though approximately two full hours were spent discussing each point of disagreement.

Despite neither timely requesting a protective order, nor substantiating any of its objections or privilege claims, Defendants insisted they were entitled to a protective order during the parties' verbal meet and confer telephone discussions. On November 21, 2022, the *Motion* followed.

**2.     LEGAL STANDARD.**

District courts have broad discretion in deciding discovery matters. *Vilonia School Dist. v. M.S.*, 2018 WL 8733057, *2 (E.D. Ark. Apr. 23, 2018) (citing *U.S. ex rel. Kraxberger*

---

[11] *Response*, **Exhibit B**, at Interrogatory Nos. 2-3, 7-8, 15-16, p. 2-9; and at Request for Production Nos. 3-7, 11-12, 14, 21, 23-26, 28-31, 38, 46, 52-53, 57, 68, and 73-75, p. 11-28, 32-33, 35-36, 39-44, 48-54.

[12] *Response*, **Exhibit B**, at Interrogatory Nos. 15, p. 7-8; and at Request for Production Nos. 11-12, 14, 23-26, 46, 53-54, 57, 68, and 75, p. 15-22, 35-36, 40-44, 48-50, 53-54.

[13] *Response*, **Exhibit C**, protective order proposed by Rowan.

*v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014)). Discovery rulings, such as those on whether to issue a protective order, will not be reversed unless an abuse of discretion occurs that is prejudicial to the appealing party. *Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 954-55 (8th Cir. 1979); *see also*, *e.g.*, *Entergy Ark., Inc. v. Francis*, 2018 Ark. App. 250, *12, 549 S.W.3d 362, 369.

Good cause must be shown by the party requesting a protective order. FED. R. CIV. P. 26(c); *Carter v. Kaufman Lumber Co.*, 2020 WL 12811193, *1 (E.D. Ark. Sept. 14, 2020). Good cause "contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Page v. Ark. State University*, 2014 WL 6901117, *1 (E.D. Ark. Dec. 4, 2014) (citing *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.3d 1204, 1212 (8th Cir. 1973)); *Misc. Docket Matter 1 v. Misc. Docket Matter 2*, 197 F.3d 922, 926 (8th Cir. 1999); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102, n. 16 (1981). The movant must show good cause for each document to be protected, which is established "on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3rd Cir. 1994); *see also*, *e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131-32 (9th Cir. 2003). Such a showing includes <u>how</u> disclosure will cause harm; speculation alone is insufficient. *See*, *e.g.*, *Rotoworks Int'l Ltd. v. Grassworks USA, LLC*, 2007 U.S. DIST. LEXIS 27097, *4, 2007 WL 1106108, *1-2 (W.D. Ark. Apr. 11, 2007); *Dunbar v. Google, Inc.*, 2012 U.S. DIST. LEXIS 177058, *73-74, 2012 WL 6202719, *4, 7 (N.D. Cal. Dec. 12, 2012). Likewise, "[b]road allegations of harm, unsubstantiated by specific examples or

4

articulated reasoning do not support a good cause showing." *Pansy*, 23 F.3d at 786 (citing *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

Trial courts should consider the following when considering whether to grant a protective order:

(1) If the matter to be protected is a trade secret or other confidential research, development, or commercial information deserving protection;

(2) If disclosure of such information would cause a cognizable harm sufficient to warrant a protective order; and

(3) If the proponent of the protective order has shown 'good cause' for invoking the court's protection.

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889 (E.D. Pa. 1981). These requirements further "the goal that the Court only grant as narrow a protective order as is necessary under the facts." *Helmert v. Butterball, LLC*, 2008 WL 5111162, *2 (E.D. Ark. Dec. 3, 2008) (citing *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991)); *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *EEOC v. Big Lots Stores, Inc.*, 2012 U.S. D<small>IST</small>. LEXIS 119350, *5, 2012 WL 3637638, *2 (W.D. Ark. Aug. 23, 2012) ("*Big Lots Stores*"); *Zenith Radio Corp.*, 529 F. Supp. at 892.

**3. DEFENDANTS DID NOT SHOW GOOD CAUSE FOR THEIR PROTECTIVE ORDER.**

The purpose of discovery is to make relevant information available to all litigants, which is essential to proper litigation. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Discovery is not concealment. The rules must be followed to ensure all parties are on a level playing field. *See, e.g.*, *Rickett v. Hayes*, 251 Ark. 395, 400, 473 S.W.2d 446, 448 (1971); *accord. Baldwin v. Northwestern Mut. Life Ins. Co.*, 1994 WL 150831, *2 (M.D.

Fla. 1994); *United States v. Baxter*, 841 F. Supp.2d 378, 383 (D. Me. 2012); *S.E.C. v. Rajaratnam*, 622 F.3d 159, 182 (2nd Cir. 2010); *Allstate Ins. Co. v. Dooley*, 243 P.3d 197, 203 (Alaska 2010). "[T]he spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons … by … use of defensive weapons or evasive responses." REPORTER'S NOTES TO FED. R. CIV. P. 26 (1983 Amendments).

Defendants are not entitled to a protective order simply because they want one. Like any other litigant, Defendants must follow the rules, and show good cause for their protective order. They have not done so for the reasons below.

### 3.1. The *Motion* is untimely.

Parties are "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." FED. R. CIV. P. 37(d)(2). "Motions for a protective order must be made before or on the date discovery is due. A party's untimeliness may be excused if there is no opportunity to move for a protective order." *Ayers v. Continental Cas. Co.*, 240 F.R.D. 216, 221 (N.D.W.V. 2007) (citations omitted).

Here, New Bern used a protective order to refuse to respond to Rowan's discovery requests on May 4, 2022,[14] which the *Motion* admitted;[15] however, New Bern did not request a protective order from the Court within its 30-day period to answer. FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A). New Bern's use of a protective order

---

[14] *Response*, **Exhibit A**, at Interrogatory Nos. 3, 16, p. 3, 12; and Request for Production Nos. 11-12, 23-26, 45, 53-54, 75, p. 19, 29, 31-32, 53, 58-59, 74.

[15] *Motion*, ¶ 3, p. 2 ("Still other objections stem from the fact that plaintiff seeks employment-related or medical information about Mr. Bowers or other proprietary information that is, without question, confidential. For much *that* information, New Bern has pledged to turn over the requested data provided that a suitable protective order be entered").

6

in this manner violated the spirit of the discovery rules because Defendants waited until November 21, 2022, over six months from when the responses were due, to request a protective order. Nothing prevented New Bern from requesting a protective order at the time its discovery responses were due. As a result, Defendants' request for a protective order is over six months late, and untimely. *See*, *e.g.*, *U.S. v. Int'l Business Mach. Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976) (motion for protective order filed two months after discovery was due held untimely). For these reasons, Defendants cannot show good cause for the Court to enter a protective order. *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 129 F.R.D. 483, 487 (D.N.J. 1990) (holding timeliness is a factor in the court's "good cause" analysis, and finding a motion for protective order filed two months after the due date for discovery was untimely). Therefore, the Court should deny the *Motion*.

### 3.2. Defendants have not substantiated their claims for the Court to issue a protective order.

Defendants asserted "employment-related or medical information about Mr. Bowers or other proprietary information … is, without question, confidential."[16] Defendants also suggested authority exists for the Court to enter a protective order under Fed. R. Civ. P. 26(c)(1)(B)(F)(G),[17] which states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to

---

[16] *Motion*, ¶ 3, p. 2.

[17] *Brief in Support of Motion*, p. 2.

7

confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (F) requiring that a deposition be sealed and opened only on court order;
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

Rowan does not dispute the Court's authority under these rules. However, Defendants have the burden of proving good cause for the Court to apply the rules and grant the *Motion*. They did not.

The protective order proposed by Defendants seeks to keep any disclosed materials from being distributed for use in connection with any other claim or litigation.[18] Litigation exposure in other lawsuits is not good cause for a protective order. *Foltz*, 331 F.3d at 1137 (a litigant is not entitled to the court's protection from harm associated with liability in other lawsuits); *Nestle Foods Corp.*, 129 F.R.D. at 486 ("The courts have emphatically held that a protective order cannot be issued simply because it may be detrimental to the movant in other lawsuits"). If litigation exposure were good cause for a protective order, it would force every litigant in the same or similar circumstances to spend the time and expense of rediscovery of the same

---

[18] *Motion*, **Exhibit 2**, proposed protective order, ¶ 3, p. 2.

8

information, which is contrary to the construction of the Federal Rules of Civil Procedure. *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 546 (N.D. Ind. 1991); *cf. United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) (citing *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1300-01 (7th Cir. 1980) ("A bona fide litigant is entitled to his day in court. That expense of litigation deters many for exercising that right is no reason to erect gratuitous roadblocks in the path of a litigant who finds a trail blazed by another"); FED. R. CIV P. 1 (the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Cipollone*, 113 F.R.D. at 90-91; *Ryder v. Union Pac. R.R. Co.*, 315 F.R.D. 186, 190-91 (M.D. La. 2016) (citing cases); *see also Patterson v. Ford Motor Co.*, 85 F.R.D. 152, 153-54 (W.D. Tex. 1980). For the above reasons, parties engaged in collateral litigation should have access to relevant discovery materials, and should be allowed to use the fruits of one litigation to facilitate preparation in other cases, thereby promoting the interests of judicial economy. *Kamp Implement Co. v. J.I. Case Co.*, 630 F. Supp. 218, 220 (D. Mont. 1986); *United States v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421, 426 (D. N.Y. 2981); *Patterson*, 85 F.R.D. at 153-54; *Foltz*, 331 F.3d at 1131; *Cipollone*, 113 F.R.D. at 91; *Nestle Foods Corp.*, 129 F.R.D. at 486.

The protective order proposed by Defendants allow them and them alone to determine whether the information sought is confidential or proprietary without evidence that such secrecy is warranted.[19] Further, Defendants seek to keep material confidential that is ultimately used in any Court proceedings in this matter, such as

---

[19] *Motion*, **Exhibit 2**, ¶¶ 1-2, p. 1-2.

exhibits introduced at trial, and have such materials returned 21-days following the conclusion of the case.[20]

There is a strong presumption in favor of the right of access to public court business because "[t]he crucial prophylactic aspects of the administration of justice cannot function in the dark." *Ark. Best Corp. v. Gen. Elec. Capital Corp.*, 317 Ark. 238, 245, 878 S.W.2d 708, 711 (1994) ("[T]raditional Anglo-American jurisprudence distrusts secrecy in judicial proceedings and favors a policy of maximum public access to proceedings and records of judicial tribunals"); *Richmond Newspapers v. Va.*, 448 U.S. 555, 571 (1980) ("[T]he open processes of justice serve an important prophylactic purpose); *cf. Nice v. ZHRI, Inc.*, 105 F. Supp. 2d 1028, 1030 (E.D. Ark. 2000) ("The 'prophylactic' factor of preventing future harm has been quite important in the field of torts"). Indeed, "[o]ne of the basic principles of a democracy is the people have a right to know what is done in their courts." *Ark. De['t of Human Servs. v. Hardy*, 316 Ark. 119, 123, 871 S.W.2d 352, 355 (1994); *cf.* ARK. CODE ANN. § 16-10-105 ("The sittings of every court shall be public, and every person may freely attend the sittings of every court").

The right of access to court records, like the openness of court proceedings, enhances the basic fairness of the proceedings and safeguards the integrity of the fact-finding process. *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 508 (1984); *Globe Newspapers Co. v. Superior Court*, 457 U.S. 596, 606 (1982). "As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *Am. Telephone & Telegraph Co. v. Grady*,

---

[20] *Motion*, **Exhibit 2**, ¶¶ 4, 6, p. 2-3.

594 F.2d 594, 596 (7th Cir. 1978), *cert. denied*, 440 U.S. 971 (1979); *Public Citizen v. Liggett Grp.*, 858 F.2d 775, 790 (1st Cir. 1988). Because of the strong presumption of open access to the courts, protective orders should always be narrowly drawn. *Brown*, 960 F.2d at 1016; *Big Lots Stores*, 2012 U.S. DIST. LEXIS 119350, *5, 2012 WL 3637638, *2; *Zenith Radio Corp.*, 529 F. Supp. at 892.

The protective order proposed by Defendants is far from "narrowly drawn," as it seeks secrecy for virtually anything Defendants deem "confidential," is contrary to the construction of the Federal Rules of Civil Procedure, and no compelling reasons were put forth to deny the public access to the discovery materials sought by Rowan. Simply put, Defendants have not met their burden to show good cause for the protective order.

The truth of the matter is Defendants offered nothing beyond stereotypical and conclusory assertions to substantiate the *Motion*.[21] Defendants made no attempt to show disclosure would result in a clearly defined or serious injury. Instead, Defendants asserted the information was confidential without proof, and stated New Bern "is not in position to release certain … requested data absent entry of an appropriate protective order."[22] Defense counsel further represented in the *Motion* that a protective order would protect "the confidentiality of New Bern's (and Mr. Bowers') confidential information."[23] This is far from proof, and even it if were, it would be insufficient because the moving party must provide *evidence* to demonstrate the specific harm caused by disclosure. *Loomis v. Unum Grp. Corp.*, 338 F.R.D. 225, 229 (E.D. Tenn. 2021)

---

[21] *Motion*, ¶¶ 2-6, p. 2-3.

[22] *Motion*, ¶ 6, p. 3.

[23] *Motion*, ¶ 6, p. 3.

11

(collecting cases); *cf. Harrisonville Telephone Co. v. Ill. Commerce Comm'n*, 472 F. Supp.2d 1071, 1078 (S.D. Ill. 2006) (conclusory and speculative affidavit by attorney that disclosure would cause harm found insufficient to show good cause for a protective order); *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 73 (M.D.N.C. 1986) (same); *cf. Rosenblatt v. Northwest Airlines, Inc.*, 54 F.R.D. 21, 23 (S.D.N.Y. 1971) ("It is well-established that an attorney's affidavit which merely alleges that discovery will reveal even true formulae or trade secrets is insufficient to warrant a protective order"). For the reasons above, Defendants failed to show good cause for the protective order they proposed. As a result, Defendants have not met their burden of proof for the Court to grant the *Motion*. Accordingly, the *Motion* should be denied.

### 3.3. Rowan joins in Defendants' request for an interim pre-trial conference.

Defendant New Bern has improperly withheld information in discovery based on its perceived entitlement to a protective order, as well as non-specific boilerplate objections, and non-specific claims of privilege, to Rowan's discovery requests. Rowan has a forthcoming motion to compel with respect to her discovery requests, and therefore joins Defendants in requesting an interim pre-trial conference to resolve these discovery issues.

### 4. CONCLUSION.

For the following four reasons, Defendants have not met their burden of proof to show good cause for a protective order:

> First, Defendants failed to file for a protective order within the applicable discovery period, and did not show it was prevented from doing so. Instead, Defendants requested a protective order from the Court over six months later with

no justification for the delay, which renders the *__Motion__* untimely.

Second, the protective order proposed by Defendants seeks to keep materials produced from being used in connection with any other claim or litigation, which does not constitute good cause because it is contrary to the construction of the Federal Rules of Civil Procedure, and contrary to judicial economy.

Third, the proposed protective order seeks to keep materials confidential even if used in Court proceedings in this case, and seeks the return of the materials to Defendants 21-days following the conclusion of the case. Defendants failed to show any reason, much less compelling reasons, why the public should be denied access to the materials sought by Rowan in discovery. Thus, the protective order proposed is far from narrowly drawn.

Fourth, Defendants did not offer evidence, or even attempt to substantiate, the harm or any other clearly defined or serious injury resulting from disclosure of the information sought by Rowan.

Accordingly, the Court should deny Defendants' *__Motion__* for a protective order since Defendants failed to meet their burden of proof to show good cause for it.

Although the Court should deny the *__Motion__* for protective order for the above reasons, Rowan joins in Defendants' request for an interim status conference to resolve the outstanding discovery issues involved in this matter. Rowan also requests all relief to which she is entitled in the premises in making this *__Response__* to the *__Motion__*.

Dated December 2, 2022.

Respectfully submitted,

S. Taylor Chaney, AR BIN 2010011
Donald P. Chaney, Jr., AR BIN 78027
CHANEY LAW FIRM, P.A.
P.O. Box 1405
Arkadelphia, AR 71923
Telephone:  870-246-0600
Facsimile:  866-734-0971
Email:  taylor@chaneylaw.com
Email:  don@chaneylaw.com

and

Jim Lyons, AR BIN 77083
LYONS & CONE, P.L.C.
P. O. Box 7044
Jonesboro, AR 72403
Telephone: 870-972-5440
Facsimile:  870-972-1270
Email: jlyons@leclaw.com

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2022, I served the foregoing document upon Defendants via electronic filing through the CM/ECF electronic filing system, which shall send the foregoing to Defendants' attorneys of record listed below:

**VIA ELECTRONIC FILING**
Mr. Greg Jones
Mr. Alexander Jones
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Ste 2300
Little Rock, AR 72201-3699
Telephone:  501-371-0808
Facsimile:  501-376-9442
Email: gjones@wlj.com
         ajones@wlj.com

/s/ S. Taylor Chaney
S. Taylor Chaney