IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EXHIBIT C

| | | |
|---|---|---|
| **TIFFANY ROWAN** | | **PLAINTIFF** |
| **v.** | **4:21-cv-00911-KGB** | |
| **PEPSICO, INC.,**<br>**NEW BERN TRANSPORT CORPORATION**<br>**BRYSON JURIEL BOWERS** | | **DEFENDANTS** |

## AGREED PROTECTIVE ORDER

    Comes on for hearing before the Court, the parties mutual request for the entry of an Agreed Protective Order, from the agreement of the parties based upon their signatures below, the Court doth find as follows:

1. The parties recognize discovery in this matter may involve Trade Secrets and other Confidential Information. The parties anticipate these Trade Secrets and Confidential Information may be discussed during the deposition process.

2. The parties are relying upon this *Stipulation and Protective Order* to protect Trade Secrets and Confidential Information, and declare they would not have produced any Trade Secrets or Confidential Information absent this *Stipulation and Protective Order*.

3. The parties agree the purpose of this *Stipulation and Protective Order* is to provide the parties with reasonable assurances the Trade Secrets and Confidential Information produced in discovery will remain protected and will not be disseminated to the parties' competitors or otherwise, except as outlined in ¶ 14 below.

4. For purposes of this *Stipulation and Protective Order*, the following words are defined:

    a. "Litigation" is the civil action: *Tiffany Rowan v. Pepsico, Inc., et al.*, 4:21-cv-00911-KGB filed in the United States District Court Eastern District of Arkansas, Central Division;

    b. "Party or parties" include Tiffany Rowan, Pepsico, Inc., New Bern Transport Corporation, and Bryson Juriel Bowers along with their employees, agents, representatives, and attorneys;

    c. "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

        i. Derives independent economic value, actual or potential, from not being

        generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

        ii.    Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Ark. Code Ann. § 4-75-601(4)(A)(B).

    d.    "Confidential Information" includes but is not limited to, documents, materials, data, or information that is a Trade Secret or contains proprietary information related to a party's business operations, practices, research, development, proprietary business commercial information, or personnel information.

    e.    "Producing party" means the party that produces a Trade Secret or other Confidential Information;

    f.    "Receiving party" means the party receiving a Trade Secret or other Confidential Information.

5. The parties agree documents produced by the producing party to the receiving party during discovery in this litigation may contain Trade Secrets or other Confidential Information. These documents shall hereafter be referred to as "Protected Documents." These documents may include written material or document, digital material, videotapes, or other tangible items.

6. The parties agree the production of Protected Documents under this *Stipulation and Protective Order* is not a concession of the Protected Documents being relevant or admissible in this litigation. The parties agree the *Stipulation and Protective Order* does not constitute a global waiver by any party as to whether any Protected Documented is discoverable, but rather, is a mechanism by which Protected Documents are disclosed.

7. The parties agree this *Stipulation and Protective Order* survives the litigation.

8. The parties agree Protected Documents that are currently in the public domain are not entitled to a trade secret privilege, and are not subject to this *Stipulation and Protective Order*.

9. The parties agree this *Stipulation and Protective Order* does not apply to any Protected Documents introduced into evidence at the trial of this matter, regardless of whether the producing party claims a trade secret privilege to such Protected Documents.

10. The parties agree a violation of the terms of this *Stipulation and Protective Order* constitutes a breach which may subject the breaching party to sanctions under Arkansas law, and to include but not be limited to, dismissal of claims or defenses, damages, assessment of reasonable expenses, and/or any other sanction deemed appropriate by the Court. Ark. Code Ann. § 16-10-108. This expressly includes the producing party designating Protected Documents withing the public domain.

11. The parties agree any Protected Documents designated by the producing party, as specified in ¶ 12 herein, is a true and correct copy of the Protected Documents belonging to the producing party and kept in the course of the producing party's regularly conducted

business activities.

IT IS THEREFORE STIPULATED BY THE PARTIES, AND ORDERED BY THE COURT, AS FOLLOWS:

12. Protected Documents, provided or otherwise disclosed by a party in response to any discovery requests, will be designated by imprinting the following phrase on the lower right hand corner of any document, item, or other information stipulated by the parties or ordered by this Court to be a Protected Document, as follows:

    > This is a Protected Document produced under protective order in the case of *Tiffany Rowan v. Pepsico, Inc., et al*, in the United States District Court Eastern District of Arkansas, Central Division, case number 4:21-cv-00911-KGB.

13. Deposition testimony or any portion thereof may be designated as a Protected Document on the record at the time of the deposition or within a reasonable time after receipt of the deposition transcript. A reasonable time after receipt of the deposition transcript is seven (7) calendar days.

14. All Protected Documents are subject to the following restrictions:

    a. The parties' attorneys shall keep Protected Documents designated in accordance with ¶ 12 of this *Stipulation and Protective Order* within their exclusive possession and control, and shall properly secure and control the same and take all reasonable precautions to prevent unauthorized access to, or reproduction or disclosure of the information to unauthorized persons or entities.

    b. The receiving party shall not remove the designation made from any document or information in accordance with ¶ 12 of this *Stipulation and Protective Order*.

    c. Except upon prior written consent of the producing party or upon further *Order* of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

        i. Plaintiff's counsel of record in this case, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

        ii. Employees of Plaintiff's counsel or of associated counsel, who assist in the preparation or trial of this case;

        iii. Experts and consultants retained by Plaintiff for the preparation or trial of this case provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of any Defendant;

        iv. The Court, the Court's staff, witnesses, and the jury in this case;

        v. A third party who is not employed by a competitor but who will arrange for copying and dissemination of the documents pursuant to this *Stipulation and Protective Order* (a copy of service);

      vi.      Before giving access to any Protected Documents or the information contained therein, each person described in ¶ 14(c)(i)-(v) above shall be advised of the terms and provided with a copy of this *Stipulation and Protective Order*, and shall agree in writing, by signing a copy of this *Stipulation and Protective Order*, to be bound by its terms and to submit to the jurisdiction of this Court. <u>This provision shall only apply to those persons specifically named herein, and it is not intended nor does it waive, affect, or alter in any way the defense or contest of jurisdiction by Defendants or any employee, agent, or representative of Defendants</u>.

15. The producing party has the burden of proof to show any Protected Documents to be produced are subject to a Trade Secret privilege or are otherwise Confidential as defined above.

16. If the receiving party challenges any designations made by the producing party in any Protected Document, the receiving party must first confer with the producing party about its intentions on maintaining confidentiality in the Protected Document in question. If the producing party chooses to maintain confidentiality in any Protected Document, the receiving party must file a written motion with the Court for an order determining confidentiality for the Protected Document. The motion and accompanying materials must be filed under seal, and the confidentiality of such materials or information shall remain protected until the Court orders otherwise. The parties shall attempt to resolve any such challenge by agreement prior to the time of filing such motion.

17. This *Stipulation and Protective Order* shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial, through the receipt of Protected Documents into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

18. Protected Documents produced pursuant to this Protective Order are deemed authentic under the Arkansas and Federal Rules of Civil Procedure, and no further proof of authenticity under the Arkansas or the Federal Rules of Civil Procedure shall be necessary and no further proof of authentication shall be necessary for use at trial that the Court deems may be used at trial shall be necessary for either party.

 

                                                                                                                        _____
                                                                                                                        United States District Court Judge,
                                                                                                                        Kristine G. Baker

APPROVED:

LYONS & CONE, PLC


By:_____
    Jim Lyons (77083)
    Attorneys for the Plaintiff

WRIGHT, LINDSEY & JENNINGS LLP



By:_____
    Gregory T. Jones (83097)
    Alexander T. Jones (2015246)
    *Attorneys for PepsiCo, Inc. and New Bern Transport Corporation*