IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TIFFANY ROWAN**                                                                                      **PLAINTIFF**

**v.**                                           **4:21-cv-00911-KGB**

**PEPSICO, INC.,**                                                                                   **DEFENDANTS**
**NEW BERN TRANSPORT CORPORATION**
**BRYSON JURIEL BOWERS**

**PLAINTIFF'S FIRST
MOTION TO COMPEL DISCOVERY**

1.   Plaintiff Tiffany Rowan, pursuant to FED. R. CIV. P. 26(b)(1), FED. R. CIV. P. 33, FED. R. CIV. P. 34, and FED. R. CIV. P. 37(a)(3), brings forth her *First Motion to Compel Discovery* for Defendant New Bern's improper refusals to answer Rowan's proportionally relevant discovery requests.

2.   Rowan's claims arise from the negligence of Defendant Bowers on September 14, 2018, whereby he disregarded a traffic signal prohibiting his more than 2-axle vehicle from traveling south up Cedar Hill Road near Allsopp Park in Little Rock, Arkansas. Rowan also alleged claims for negligent supervision and negligent training against Defendant PepsiCo and Defendant New Bern, as well as punitive damages.[1]

3.   On April 4, 2022, Rowan served proportionally relevant written discovery to New Bern.[2]

---

[1] *See* Doc # 26, *Brief in Support of First Motion to Compel* (Dec. 16, 2022), p. 3-5.

[2] *See* Doc # 18, Exhibit 1, Rowan's *First Set of Interrogs. & Request for Produc. Doc's to New Bern Tranport Corp.* (Apr. 4, 2022); *see also* Doc # 26, p. 6-20, explaining the proportional relevance of Rowan's discovery requests.

4.      On May 4, 2022, New Bern served its responses.[3] Most, if not all, of New Bern's discovery responses are improper. For example, New Bern objected and answered "without waiving the objection" in the same response;[4] New Bern did not object with specificity or particularity;[5] New Bern incorporated other responses by reference without answering each individual request;[6] New Bern did not timely seek a protective order;[7] and New Bern claimed privilege to several requests without describing the nature of the documents or other things not produced.[8]

5.      On June 8, 2022, Rowan wrote New Bern a letter in a good faith attempt to confer about New Bern's deficient responses for the purpose of obtaining proper responses without court action.[9] Rowan's letter explained the proportional relevance of the discovery by identifying the general and specific relevance of each request, as well as identifying how New Bern's responses were deficient.[10]

6.      New Bern did not respond in writing to Rowan's letter of June 8, 2022. Instead, the parties conducted at least three meet and confer conferences on the

---

[3] ***Motion*, Exhibit 1**, *Sep. Def. New Bern Transport Corp.'s Responses to Pl.'s First Set of Interrogs. & Requests for Produc. of Doc's* (May 4, 2022).

[4] *See* Doc # 26, p. 20-22.

[5] *See* Doc # 26, p. 22-24.

[6] *See* Doc # 26, p. 25.

[7] *See* Doc # 26, p. 26-30.

[8] *See* Doc # 26, p. 26-33.

[9] ***Motion*, Exhibit 2**, letter from Rowan to New Bern dated June 8, 2022 conferring in good faith to obtain the requested discovery without court action.

[10] *See, e.g., **Motion*, Exhibit 3**, *Order* denying Defendants motions to dismiss in the case styled *Brantley v. UPS Ground Freight, Inc. et al*, No. 3:16-cv-352 (Jul. 7, 2017), unavailable through the Westlaw subscription of Plaintiff's counsel; and ***Motion*, Exhibit 4**, copy of *Order* in the case styled *McCorkle v. Fullwiley*, No. 4:19-cv-04118, *2-3 (W.D. Ark. May 20, 2018), which is unavailable on Plaintiff's counsel's Westlaw subscription, explaining parties are not permitted to simply withhold discoverable material on a claim of confidential or protected material, and must file for a protective order for such information.

telephone over the disputed discovery, which involved approximately two full hours discussing each point of disagreement.

Defense counsel made several assurances some discovery would be provided. And, while defense counsel has passed along some information, New Bern's responses are far from complete, and have not been supplemented in a way so Rowan knows what has been fully responded to and what has not. Defense counsel also assured production of some items when a "plain vanilla" protective order was entered, which Defendants had not even requested at that time.

7.  On November 21, 2022, over six months after New Bern's responses were due to Rowan's discovery, Defendants filed for a protective order.[11] Rowan opposed New Bern's request for a protective order because it is untimely, and Defendants failed to show good cause for its issuance.[12]

8.  New Bern has withheld relevant and proportional discovery. It has not followed the rules in doing so. The parties have conferred in good faith on the specific issues in dispute, and are not able to resolve their disagreements without the intervention of the Court.

9.  Accordingly, Rowan seeks an order from the Court both compelling New Bern to fully and completely respond to Rowan's discovery requests,[13] and holding all

---

[11] *See* Doc # 18, Defendants' *Motion for Protective Order and for Interim Pre-Trial Conference* (Nov. 21, 2022).

[12] *See* Doc # 20, Plaintiff's *Response to Defendants' Motion for Protective Order and for Interim Pretrial Conference* (Dec. 2, 2022), incorporated herein by reference pursuant to FED. R. CIV. P. 10(c).

[13] *See* Doc # 26, p. 7-20, discussing why Rowan's discovery requests are proportionally relevant.

of New Bern's objections to production, as well as New Bern's claims to privilege, are waived due to its failure to follow the applicable rules governing discovery.[14]

WHEREFORE, Plaintiff Tiffany Rowan prays the Court enter an order compelling Defendant New Bern to fully and completely respond to Rowan's proportionally relevant discovery requests, holding all of New Bern's objections and claims to privilege are waived due to New Bern's failure to follow the rules, and for all other relief to which Rowan is entitled in the premises, such as payment of expenses under FED. R. CIV. P. 37(a)(5).

Respectfully submitted,

S. Taylor Chaney, AR BIN 2010011
Donald P. Chaney, Jr., AR BIN 78027
CHANEY LAW FIRM, P.A.
P.O. Box 1405
Arkadelphia, AR 71923
Telephone:   870-246-0600
Facsimile:    866-734-0971
Email: taylor@chaneylaw.com
Email: don@chaneylaw.com

and

Jim Lyons
AR BIN 77083
LYONS & CONE, P.L.C.
P. O. Box 7044
Jonesboro, AR 72403
Telephone:   870-972-5440
Facsimile:    870-972-1270
Email: jlyons@leclaw.com

---

[14] *See* Doc # 26, p. 20-33, discussing why New Bern's responses are waived due to New Bern's failure to follow the rules.

4

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 16, 2022, I served the foregoing document upon Defendants via electronic filing through the CM/ECF electronic filing system, which shall send the foregoing to Defendants' attorneys of record listed below:

**VIA ELECTRONIC FILING**
Mr. Greg Jones
Mr. Alexander Jones
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Ste 2300
Little Rock, AR 72201-3699
Telephone:   501-371-0808
Facsimile:    501-376-9442
Email: gjones@wlj.com
   ajones@wlj.com

            /s/ S. Taylor Chaney
            S. Taylor Chaney