# CHANEY LAW FIRM, P.A.

**P.O. Box 1405**
**526 Main Street, Suite 204**
**Arkadelphia, Arkansas 71923**
**Phone: (870) 246-0600**

**www.chaneylaw.com**

<div style="border: 1px solid black;">

**EXHIBIT**

2

</div>

**Donald Price Chaney, Jr.**
**Sterling Taylor Chaney**

Facsimile: (866) 734-0971
Writer's Email: taylor@chaneylaw.com

June 8, 2022

**VIA EMAIL: gjones@wlj.com; ajones@wlj.com**
Mr. Greg Jones
Mr. Alexander Jones
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Ste 2300
Little Rock, AR 72201-3699

RE:      *Tiffany Rowan v. PepsiCo., Inc., New Bern Transp. Corp., and Bryson Juriel Bowers*, Eastern District of Arkansas Case No. 4:21-cv-00911-KGB

Dear Greg and Alex:

I am writing to confer about New Bern's responses to Ms. Rowan's *First Set of Interrogatories and Requests for Production of Documents*, which we received on May 4, 2022. On May 10, 2022, I received an email from you acknowledging we were in trial prep mode in another matter. Indeed, we were, and had been for over a month at that point. Our trial was continued on May 12, 2022. After finishing some loose ends in our trial prep, I began working on this letter on May 19, 2022, and it has taken me this long to get it to you. I apologize for that.

The following chart tracks the request number and information sought per request, the general and specific relevance of the information for each request per claim pled, and the time frame for the requests. Your objections to production are also tracked per request. The highlighted text provides why your objections are without merit, and also represents Plaintiff's attempt to confer in good faith in an effort to obtain the requested discovery without court intervention pursuant to FED. R. CIV. P. 37(a)(1), as follows:

| Request #<br><br>Information Sought | Negligent Supervision & Training<br><br>General Relevance | Negligence<br><br>General Relevance | Specific Relevance Doc 3-1, *Complaint* ¶¶, p. # | Time | Objection/Refusal to Production |
|---|---|---|---|---|---|
| INT 1 | Persons and contact information | Persons and contact | | | Premature, seeks a narrative or subject |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 2

| | | | | | |
|---|---|---|---|---|---|
| Persons with knowledge of claims and defenses, or who will be called at trial, stating contact information, the subject matter of anticipated testimony, and whether such person has been convicted of a crime with punishment more than 1 year or involving dishonesty or false statement | with discoverable information and the subjects of that information the disclosing party may use to support a claim or defense is discoverable.<br><br>FED. R. CIV. P. 26(a)(1)(A)(i).<br><br>Crimes punishable by more than 1 year or involving dishonesty or false statement are admissible.<br><br>FED. R. EVID. 609(a)(1)(2). | information with discoverable information and the subjects of that information the disclosing party may use to support a claim or defense is discoverable.<br><br>FED. R. CIV. P. 26(a)(1)(A)(i).<br><br>Crimes punishable by more than 1 year or involving dishonesty or false statement are admissible.<br><br>FED. R. EVID. 609(a)(1)(2). | | | matter of anticipated testimony of non-expert witnesses, or information on any possible consultant. "Without waiving the objection … ."<br><br>==New Bern's objections to production are waived due to being stated without particularity or specificity, and "without waiving the objection" language amounts to no response at all because it is evasive.==<br><br>FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 37(a)(4); LOCAL RULE 33.1(b); *Kirby v. United Am. Ins. Co.*, 2009 WL 10675166, *4 (E.D. Ark. Feb. 13, 2009); *Jones v. Forrest City Grocery, Inc.*, 2007 WL 841676, *1 (Mar. 16, 2007).<br><br>==Please fully respond to this request.== |
| INT 2<br><br>Identify arrests, tickets, offenses, violations, restrictions, suspensions, refusals to renew, cancellations, or revocations to Bowers' driver's license, and if | A motor carrier shall not permit a disqualified driver from operating a commercial motor vehicle.<br><br>49 C.F.R. § 391.15.<br><br>A motor carrier must maintain records relating to the investigation | | <u>Negligent Supervision & Training</u><br><br>¶¶ 68-72, 116-128, p. 11-12, 18-20 | Before 9/14/18 | Objection to temporal breadth, and confidential information. "Without waiving the objection … ."<br><br>==The request seeks public information within New Bern's knowledge or possession, and therefore cannot be== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 3

| | | | | | |
|---|---|---|---|---|---|
| any, state the name of the issuing state, date of issuance, date and type of arrests, tickets, offenses, violations, restrictions, suspensions, refusals to renew, cancellations, or revocations | into the safety performance history of a new or prospective driver.<br><br>49 C.F.R. § 391.53.<br><br>Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank & Trust v. Stone Cnty Skilled Nursing Facility, Inc.*, 345 Ark. 555, 568, 49 S.W.3d 107, 115-16 (2001) ("*Regions Bank*").<br><br>Previous incidents of an employee may provide notice an employer should have foreseen an appreciable risk of harm to others.<br><br>*Med. Assur. Co. v. Castro*, 2009 Ark. 93, *3-6, 302 S.W.3d 592, 595-96.<br><br>Company driver's record of incidents prior to a collision is relevant in a direct negligence claim against the company.<br><br>*Pugh v. Junqing*, 2017 WL 4457155, *1-3 (E.D. Mo. Oct. 4, 2017). | | | | confidential.<br><br>New Bern's objections to production are waived due to being stated without particularity or specificity, failure to describe the nature of the information withheld due to privilege, and "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>Fed. R. Civ. P. 26(b)(5)(A)(ii); Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 37(a)(4); Local Rule 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 4

| INT 3 | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. | Negligent Supervision & Training | 9/14/13 to 9/14/18 | Objection to temporal breadth, and confidential health information. "Without waiving the objection … ." |
|---|---|---|---|---|---|
| Physical or mental impairment of Bowers | | | ¶¶ 68-72, 116-128, p. 11-12, 18-20 | | New Bern's objections to production are waived due to being stated without particularity or specificity, failure to describe the nature of the information withheld due to privilege, and "without waiving the objection" language amounts to no response at all because it is evasive. |
| | FED. R. CIV. P. 26(b)(1). | | Negligence | | |
| | | FED. R. CIV. P. 26(b)(1). | ¶¶ 93-112, 116-128, p. 15-20 | | |
| | Liability for negligent supervision rests upon proof an employer knew or should have known an employee's conduct would subject 3rd parties to an unreasonable risk of harm. | | | | FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 37(a)(4); FED. R. CIV. P. 26(b)(5)(A)(ii); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1. |
| | | | | | Otherwise protected health information may lawfully be disclosed under HIPAA by a court order. |
| | *Saine v. Comcast Cablevision of Ark., Inc.*, 354 Ark. 492, 497, 126 S.W.3d 339, 342 (2003). | | | | 45 C.F.R. § 164.512(e)(1)(i); *Troutman v. Louisville Metro Dep. of Corrections*, 2018 WL 3041079, *4 (W.D. Ky. Jun. 19, 2018). |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 5

| | | | | | |
|---|---|---|---|---|---|
| | | | | | ==Please fully respond to this request.== |
| **INT 6**<br><br>Division of fault between the parties and 3rd parties, and bases thereof | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1). | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1). | | | Objection to being compound, premature, and % of fault is matter for jury to determine. "Without waiving the objection … ."<br><br>==New Bern's objections to production are waived due to being stated without particularity or specificity, and the use of "without waiving the objection" language amounts to no response at all because it is evasive.==<br><br>FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 37(a)(4); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>==Please fully respond to this request.== |
| **INT 7**<br><br>Motor vehicle collisions involving Bowers, including the date, place, type of collision, and a description of how any claims arising therefrom were concluded.<br><br>==Plaintiff agrees to waive the last== | Previous incidents of an employee may provide notice an employer should have foreseen an appreciable risk of harm to others.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *3-6, 302 S.W.3d at 595-96.<br><br>Where notice of a danger is in issue, | | <u>Negligent Supervision & Training</u><br><br>¶¶ 68-72, 116-128, p. 11-12, 18-20 | ==Plaintiff agrees to limit the scope of this request to 10 years before New Bern employed Bowers to 9/14/18== | Objection to temporal breadth, relevance, confidential health information, and ambiguous. "Without waiving the objection … ."<br><br>==New Bern's objections to production are waived due to being stated without particularity or specificity== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 6

| | | | | | |
|---|---|---|---|---|---|
| sentence of the request seeking information as to whether Bowers was hurt, and treatment information for such injuries. | evidence of similar occurrences is admissible.<br><br>*Heinrich v. Harp's Food Stores, Inc.*, 52 Ark. App. 165, 915 S.W.2d 734, 736 (1996).<br><br>Company driver's record of incidents prior to a collision is relevant in a direct negligence claim against the company.<br><br>*Pugh*, 2017 WL 4457155, *1-3. | | | | (ambiguous), failure to describe the nature of the information withheld due to privilege, and "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 37(a)(4); FED. R. CIV. P. 26(b)(5) (A)(ii); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>Otherwise protected health information may lawfully be disclosed under HIPAA by a court order.<br><br>45 C.F.R. § 164.512(e)(1)(i); *Troutman*, 2018 WL 3041079, *4.<br><br>Please fully respond to this request. |
| INT 8<br><br>Persons who investigated the facts of collision and Plaintiff's damages prior to suit being filed | Persons and contact information with discoverable information and the subjects of that information the disclosing party may use to support a claim or defense is discoverable.<br><br>FED. R. CIV. P. 26(a)(1)(A)(i). | Persons and contact information with discoverable information and the subjects of that information the disclosing party may use to support a claim or | | 9/14/18 to 9/08/21 | Objection based on work product privilege.<br><br>New Bern's objection to production is waived due to the failure to describe the nature of the information withheld due to privilege. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 7

| | | | | | |
|---|---|---|---|---|---|
| | | defense is discoverable.<br><br>FED. R. CIV. P. 26(a)(1)(A)(i). | | | FED. R. CIV. P. 26(b)(5)(A)(ii); *Kirby*, 2009 WL 10675166, *4.<br><br>==Please fully respond to this request.== |
| INT 13<br><br>Lawsuits involving New Bern in the last 10 years, stating the style of each case, the results of the litigation, and whether any New Bern agent offered testimony | Other lawsuits involving New Bern are relevant to establish it failed to maintain adequate policies and procedures, which will support a negligent supervision and training action.<br><br>*McLane v. Rich Transport, Inc.*, 2012 WL 3257658, *2, *5 (E.D. Ark. Aug. 9, 2012); *Crouch v. Master Woodcraft Cabinetry, LLC*, 2021 WL 4155583 (E.D. Ark. Sept. 13, 2021).<br><br>Where notice of a danger is in issue, evidence of similar occurrences is admissible.<br><br>*Heinrich*, 52 Ark. App. 165, 915 S.W.2d at 736. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 4/4/12 to 4/4/22 | Objection to relevance, temporal and substantive breadth. "Without waiving the objection … ."<br><br>==New Bern's objections to production are waived due to being stated without particularity or specificity, and "without waiving the objection" language amounts to no response at all because it is evasive.==<br><br>FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 37(a)(4); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>==The Jefferson County case identified does not match the case number, 35CV-18-118, which is *Midland Funding LLC v. Mary Jackson* (Feb. 5, 2018).==<br><br>==Please fully respond to this request.== |
| INT 15<br><br>Compensation | Company's compensation of its driver is relevant to | | <u>Negligent Supervision & Training</u> | Date of Bowers' employment | Objection to providing proprietary and |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 8

| | | | | | |
|---|---|---|---|---|---|
| and rate of pay information for Bowers | show the degree of supervision exercised by the company based on time logs submitted.<br><br>*McLane*, 2012 WL 3257658, *2, *5-6.<br><br>Driver's personnel file and all records relating to driver's job performance in operating motor vehicle is relevant in direct negligence action against company.<br><br>*Pugh*, 2017 WL 4457155, *3. | | ¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | to 9/14/18 | confidential compensation and fringe benefits information.<br><br>==New Bern's objection to production based on proprietary and confidential information is waived due to failing to describe the nature of the information withheld due to privilege.==<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); *Kirby*, 2009 WL 10675166, *4.<br><br>==New Bern's failure to properly respond is not excused because it did not timely file for a protective order.==<br><br>FED. R. CIV. P. 37(d)(2); FED. R. CIV. P. 33(b)(2); *cf. Dunkin v. Citizens Bank of Jonesboro*, 291 Ark. 588, 590-92, 727 S.W.2d 138, 140-41 (1987).<br><br>==Please fully respond to this request.== |
| INT 16<br><br>Disqualifying commercial driving offenses of any of New Bern's drivers, including Bowers | A motor carrier shall not permit a disqualified driver from operating a commercial motor vehicle.<br><br>49 C.F.R. § 391.15. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 68-72, 116-128, p. 11-12, 18-20 | 9/14/10 to 9/14/18 | Objection to relevance, temporal and substantive breadth, and proportionality.<br><br>==New Bern's substantive breadth lacks merit because== |

| | | | | |
|---|---|---|---|---|
| | A motor carrier must maintain records relating to the investigation into the safety performance history of a new or prospective driver.<br><br>49 C.F.R. § 391.53.<br><br>Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Previous incidents of an employee may provide notice an employer should have foreseen an appreciable risk of harm to others.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *3-6, 302 S.W.3d at 595-96.<br><br>Where notice of a danger is in issue, evidence of similar occurrences is admissible.<br><br>*Heinrich*, 52 Ark. App. 165, 915 S.W.2d at 736.<br><br>Driver's offenses while operating vehicle before collision is relevant | | | | its actions in supervising other drivers is generally and specifically relevant; New Bern's temporal breadth objection is waived due to being stated without particularity or specificity; New Bern's objection based on confidential employment information is waived due to the failure to describe the nature of the information withheld due to privilege; and New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>Fᴇᴅ. R. Cɪᴠ. P. 33(b)(4); Fᴇᴅ. R. Cɪᴠ. P. 37(a)(4); Fᴇᴅ. R. Cɪᴠ. P. 26(b)(5)(A)(ii); Lᴏᴄᴀʟ Rᴜʟᴇ 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 10

| | in direct claim against company. *Pugh*, 2017 WL 4457155, *3. | | | | |
|---|---|---|---|---|---|
| INT 18

Contact information for New Bern employees, such as who hired Bowers, provided training and oversight to Bowers, New Bern's safety director, the person who investigated the collision, members of the collision review committee, dispatchers for Bowers, person responsible for DOT compliance, medical review officer, head of dispatch, chief of operations, head of maintenance for Bowers' vehicle, and the records custodian for each person | Deviation from company procedures may show evidence of negligence.

*D'Arbonne Const. Co., Inc. v. Foster*, 354 Ark. 304, 311-12, 123 S.W.3d 894, 900 (2003).

Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.

*Kristie's Katering, Inc. v. Ameri*, 72 Ark. App. 102, 112, 35 S.W.3d 807, 813 (2000) ("*Ameri*").

Driver's training is relevant in direct claim against company.

*Pugh*, 2017 WL 4457155, *3. | Deviation from company procedures may show evidence of negligence.

*D'Arbonne Const. Co., Inc. v. Foster*, 354 Ark. 304, 311-12, 123 S.W.3d 894, 900 (2003). | <u>Negligent Supervision & Training</u>

¶¶ 68-72, 116-128, p. 11-12, 18-20

<u>Negligence</u>

¶¶ 93-112, 116-128, p. 15-20 | Date of Bowers' employment to 9/8/21 | Objection to vagueness, and breadth due to no specific relevance; *see* response to RFP 32 incorporated by reference. "Without waiving the objection … ."

==New Bern's vagueness and breadth objections lack merit because the request was broader than the condition of the truck at the time of the collision. Reference to objections in other discovery requests is improper since each interrogatory must be answered separately and fully. New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.==

FED. R. CIV. P. 33(b)(3); FED. R. CIV. P. 37(a)(4); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.

==To the extent New Bern did respond, its response is incomplete. Please fully respond to this request.== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 11

| | | | | | |
|---|---|---|---|---|---|
| RFP 1<br><br>Insurance agreements | Any insurance agreement showing an insurance business may be liable to satisfy all or part of a judgment is discoverable.<br><br>FED. R. CIV. P. 26(a)(1)(A)(iv); *Merriweather v. United Parcel Servs., Inc.*, 2018 WL 3572527, *7-8 (W.D. Ky. Jul. 25, 2018). | Any insurance agreement showing an insurance business may be liable to satisfy all or part of a judgment is discoverable.<br><br>FED. R. CIV. P. 26(a)(1)(A)(iv). | | | Premiums are not properly discoverable and have been redacted from declaration sheet attached to initial disclosures. "Without waiving the objection … ."<br><br>==New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.==<br><br>FED. R. CIV. P. 37(a)(4); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>==To the extent New Bern did respond, its response is incomplete because only the declaration sheet was provided. Please supplement the full insurance policy.== |
| RFP 3<br><br>Unredacted orally recorded or written statements by Plaintiff, Bowers, Bowers' supervisor or dispatchers, or other defendants over whom New Bern has control <u>before</u> suit was filed | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1). | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1). | <u>Negligent Supervision & Training</u><br><br>¶¶ 68-72, 116-128, p. 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | 9/14/18 to 9/08/21 | The request seeks material constituting New Bern's work production. "Without waiving the objection … ."<br><br>==New Bern's work product privilege claim is waived due to failing to describe the nature of the information withheld due to privilege. New Bern's use of "without waiving== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 12

| | | | | | |
|---|---|---|---|---|---|
| | | | | | the objection" language amounts to no response at all because it is evasive.<br><br>Fᴇᴅ. R. Cɪᴠ. P. 26(b)(5)(A)(ii); Fᴇᴅ. R. Cɪᴠ. P. 34(b)(2)(C); Fᴇᴅ. R. Cɪᴠ. P. 37(a)(4); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |
| RFP 4<br><br>Repair bills, damage estimates, appraisals, and related documents concerning the damages to any and all vehicles in the collision | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>Fᴇᴅ. R. Cɪᴠ. P. 26(b)(1). | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>Fᴇᴅ. R. Cɪᴠ. P. 26(b)(1). | <u>Negligent Supervision & Training</u><br><br>¶¶ 68-72, 116-128, p. 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | | Vagueness to the term "related documents," and potentially privileged status of documents. "Without waiving the objection … ."<br><br>The documents in the request refer to documents associated with any repair bill, damage estimate, or appraisal of the vehicles involved in the collision. No actual privilege was claimed, nor was the nature of any allegedly privileged information described that was being withheld due to privilege. New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>Fᴇᴅ. R. Cɪᴠ. P. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 13

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); FED. R. CIV. P. 37(a)(4); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1. **Please fully respond to this request.** |
| RFP 5<br><br>Unredacted photos and video of collision scene, persons involved, and vehicles involved in collision. | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1). | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1). | Negligent Supervision & Training<br><br>¶¶ 68-72, 116-128, p. 11-12, 18-20<br><br>Negligence<br><br>¶¶ 93-112, 116-128, p. 15-20 | 9/14/18 | Objection to the extent this seeks work-product or otherwise privileged material. "Without waiving the objection … ."<br><br>**New Bern's work product privilege claim is waived due to failing to describe the nature of the information withheld due to privilege. No other privilege was claimed. New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.**<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); FED. R. CIV. P. 37(a)(4); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>**Please fully respond to this request.** |
| RFP 6<br><br>Unredacted copy | Information is discoverable about any non-privileged | Information is discoverable about any | | | Objection based on work product and/or attorney |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 14

| | | | | | |
|---|---|---|---|---|---|
| of all investigative reports, photos, or videotape made of Plaintiff at any time | matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1). | non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1). | | | client communications. Any video of plaintiff will produced after her deposition.<br><br>New Bern's work product and attorney-client privilege claims are waived due to failing to describe the nature of the information withheld due to these privileges. Such boilerplate claims violate the letter and spirit of the rules.<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *3-4.<br><br>Please fully respond to this request. |
| RFP 7<br><br>Unredacted copies of all documents (medical, business, tax records, etc) concerning plaintiff New Bern or its counsel obtained from any source other than from Plaintiff's counsel. | A discovery request is sufficient to require a defendant to provide copies of a plaintiff's medical records.<br><br>*Jordan v. Walmart Stores East, L.P.*, 2018 U.S. Dist. LEXIS 81172, *4, 2018 WL 2223683, *2 (E.D. Mo. May 14, 2018). | A discovery request is sufficient to require a defendant to provide copies of a plaintiff's medical records.<br><br>*Jordan v. Walmart Stores East, L.P.*, 2018 U.S. Dist. LEXIS 81172, *4, 2018 WL 2223683, *2 (E.D. Mo. May 14, 2018). | | | Objection based on work product and plaintiff having equal or better ability to procure same at her own expense. "Without waiving the objection … ."<br><br>New Bern's work product privilege claim is waived due to failing to describe the nature of the information withheld due to privilege. New Bern's use of |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 15

| | | | | | |
|---|---|---|---|---|---|
| | | | | | "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>Fed. R. Civ. P. 37(a)(4); Fed. R. Civ. P. 26(b)(5)(A)(ii); Fed. R. Civ. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |
| RFP 11<br><br>All documents reflecting judicial disposition of any citations Bowers received on his driver's license | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Previous incidents of an employee may provide notice an employer should have foreseen an appreciable risk of harm to others.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *3-6, 302 S.W.3d at 595-96.<br><br>Driver's offenses while operating vehicle before collision is relevant in direct claim against company.<br><br>*Pugh*, 2017 WL | | Negligent Supervision & Training<br><br>¶¶ 68-72, 116-128, p. 11-12, 18-20 | Date of Bowers' employment with New Bern until 9/14/18 | Objection to confidential employment records; will not be produced absent a protective order.<br><br>New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.<br><br>Fed. R. Civ. P. 26(b)(5)(A)(ii); Fed. R. Civ. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br>New Bern's failure to properly respond is not excused because it did not timely file for a protective order.<br><br>Fed. R. Civ. P. 37(d)(2); Fed. R. Civ. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 16

| | | | | | |
|---|---|---|---|---|---|
| | 4457155, *3. | | | | P. 34(2)(A); *cf.* *Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41. <br><br> <mark>Please fully respond to this request.</mark> |
| RFP 12 <br><br> The results of all alcohol and drug tests administered to Bowers following the collision | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. <br><br> FED. R. CIV. P. 26(b)(1). | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. <br><br> FED. R. CIV. P. 26(b)(1). | <u>Negligent Supervision & Training</u> <br><br> ¶¶ 68-72, 116-128, p. 11-12, 18-20 <br><br> <u>Negligence</u> <br><br> ¶¶ 93-112, 116-128, p. 15-20 | | Objection to confidential employment & health records; will not be produced absent a protective order pursuant to 49 CFR § 382.405. <br><br> <mark>New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.</mark> <br><br> FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4. <br><br> <mark>New Bern's failure to properly respond is not excused because it did not timely file for a protective order.</mark> <br><br> FED. R. CIV. P. 37(d)(2); FED. R. CIV. P. 34(2)(A); *cf.* *Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41. <br><br> <mark>Otherwise protected health information may lawfully be</mark> |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 17

| | | | | | |
|---|---|---|---|---|---|
| | | | | | disclosed under HIPAA by a court order.<br><br>45 C.F.R. § 164.512(e)(1)(i); *Troutman*, 2018 WL 3041079, *4.<br><br>Please fully respond to this request. |
| RFP 14<br><br>Complete and unredacted copies of written reprimand or worse by New Bern related to Bowers employment with respect to the method or manner in which he drove motor vehicles | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Driver's personnel file and all records relating to driver's job performance in operating motor vehicle is relevant in direct negligence action against company.<br><br>*Pugh*, 2017 WL 4457155, *3. | | Negligent Supervision & Training<br><br>¶¶ 68-72, 116-128, p. 11-12, 18-20 | Date of Bowers' employment with New Bern until 9/14/18 | Objection to confidential personnel records; will not be produced absent a protective order.<br><br>New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br>New Bern's failure to properly respond is not excused because it did not timely file for a protective order.<br><br>FED. R. CIV. P. 37(d)(2); FED. R. CIV. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 18

| | | | | | |
|---|---|---|---|---|---|
| | | | | | <mark>Please fully respond to this request.</mark> |
| RFP 21<br><br>Complete and unredacted copies of educational, training, or regulatory materials provided or shown to Bowers | Compliance with industry standards is relevant evidence of reasonable care.<br><br>AMI CIV. 601; *Verson Allsteel Press Co. v. Garner*, 261 Ark. 133, 140, 547 S.W.2d 411, 415 (1977); *Dunn v. Brimer*, 259 Ark. 855, 856, 537 S.W.2d 164, 165 (1976); *De Hoyos v. C.R. England, Inc.,* 2016 WL 11575124, *3 (S.D. Tex. Dec. 13, 2016).<br><br>Training materials are relevant to showing deviation from company procedures, which may show evidence of negligence.<br><br>*D'Arbonne Const. Co., Inc.,* 354 Ark. at 311-12, 123 S.W.3d at 900.<br><br>Driver's training is relevant in direct claim against company.<br><br>*Pugh*, 2017 WL 4457155, *3. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | Date of Bowers' employment with New Bern until 9/14/18 | Objection to breadth, confidential and proprietary materials, and vagueness of "regulatory materials."<br><br><mark>"Regulatory materials" in this request refers to state or federal motor carrier standards New Bern is required by law to follow.</mark><br><br><mark>New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.</mark><br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br><mark>Please fully respond to this request.</mark> |
| RFP 23<br><br>Complete and unredacted copies of the "Driver | Personnel files may show action or inaction showing foreseeable & unreasonable risk of harm. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 68-72, 116-128, p. | 9/14/18 to present | Objection based on confidential personnel records. "Without waiving the objection," Bowers driver |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 19

| | | | 11-12, 18-20 | | qualification file will be made after entry of a protective order. |
|---|---|---|---|---|---|
| Qualification File" maintained by New Bern or other defendants over whom you have control, for Bowers or any co-driver in their state of existence on the date of the collision | *Nuckles v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 34339, *2, 2007 WL 1381651, *1 (W.D. Ark. May 10, 2007). | | | | ==New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.== ==New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.== FED. R. CIV. P. 37(a)(4); FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1. ==New Bern's failure to properly respond is not excused because it did not timely file for a protective order.== FED. R. CIV. P. 37(d)(2); FED. R. CIV. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41. ==Please fully respond to this request.== |
| RFP 24 Complete and unredacted | Personnel files may show action or inaction showing foreseeable & | | Negligent Supervision & Training | Date first employed to present | Objection based on confidential personnel records. "Without waiving |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 20

| | | | | | |
|---|---|---|---|---|---|
| copies of Bowers' "Driver Personnel File" | unreasonable risk of harm.<br><br>*Nuckles*, 2007 U.S. Dist. LEXIS 34339, *2, 2007 WL 1381651, *1. | | ¶¶ 68-72, 116-128, p. 11-12, 18-20 | | the objection," pertinent portions of Bowers driver personnel file will be made after entry of a protective order.<br><br>==New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege. New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.==<br><br>FED. R. CIV. P. 37(a)(4); FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>==New Bern's failure to properly respond is not excused because it did not timely file for a protective order.==<br><br>FED. R. CIV. P. 37(d)(2); FED. R. CIV. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41.<br><br>==Please fully respond to this request.== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 21

| RFP 25 | Motor carriers have minimum duties with respect to qualifications of their drivers, including being physically qualified to drive a motor vehicle. | | Negligent Supervision & Training | Date first employed to 9/14/18 | Objection based on confidential health records that cannot be produced absent entry of a protective order. |
|---|---|---|---|---|---|
| Complete and unredacted copies of Bowers' DOT physical | | | ¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | | New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege. |
| | 49 C.F.R. §§ 391.1, 391.11, 391.41-49. | | | | FED. R. CIV. P. 37(a)(4); FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4. |
| | Company is responsible for training its driver for known deficiencies. | | | | New Bern's failure to properly respond is not excused because it did not timely file for a protective order. |
| | *De Hoyos*, 2016 WL 11575124, *2-3. | | | | FED. R. CIV. P. 37(d)(2); FED. R. CIV. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41. |
| | | | | | Otherwise protected health information may lawfully be disclosed under HIPAA by a court order. |
| | | | | | 45 C.F.R. § 164.512(e)(1)(i); *Troutman*, 2018 WL 3041079, *4. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 22

| | | | | | |
|---|---|---|---|---|---|
| | | | | | ==Please fully respond to this request.== |
| RFP 26<br><br>Complete and unredacted copies of New Bern's hiring and background check policies, all documents pertaining hiring and termination of Bowers, his motor vehicle record, collision history, his history of alcohol or drug usage, his prior and subsequent driving experience when New Bern hired Bowers, and New Bern's evaluation of Bowers' attitude and fitness | Within 30-days of the date a driver's employment begins, motor carriers must inquire from each driver's licensing authority where the driver held or holds a driver's license.<br><br>49 C.F.R. § 391.23(a)(1).<br><br>Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596.<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | | Objection based on confidential, proprietary, personnel, and health records, to the extent relevant, cannot be produced absent entry of a protective order.<br><br>==New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.==<br><br>FED. R. CIV. P. 37(a)(4); FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br>==New Bern's failure to properly respond is not excused because it did not timely file for a protective order.==<br><br>FED. R. CIV. P. 37(d)(2); FED. R. CIV. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41.<br><br>==Otherwise protected health information may lawfully be disclosed under HIPAA by a court order.== |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 45 C.F.R. § 164.512(e)(1)(i); *Troutman*, 2018 WL 3041079, *4.<br><br>==Please fully respond to this request.== |
| RFP 27<br><br>Complete and unredacted copies of terminal audits, driver compliance inspections, warnings or traffic citations issued to Bowers, his co-drivers, or his trainers, including documents issued by government agencies, such as "State Motor Carrier Safety Regs," "Federal Motor Carrier Regs," and Hazardous Materials Regs," which were specifically defined | Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596.<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | Negligent Supervision & Training<br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br>Negligence<br><br>¶¶ 93-112, 116-128, p. 15-20 | | Objection to information on "Bowers' trainers," as well as breadth and vagueness to "any documents issued by any governmental agencies or officials in reference to violations of any State Motor Carrier Safety Regulations or Federal Motor Carrier Safety Regulations, or Hazardous Materials Regulations."<br><br>==New Bern's vagueness and breadth objections lack merit because regulations at issue were specifically defined in the request.==<br><br>==New Bern's objection to production based on Bowers' trainers is waived due to being stated without particularity or specificity.==<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 24

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 841676, *1.  <br><br> ==Please fully respond to this request.== |
| RFP 28 <br><br> Complete and unredacted copies of all collision files and records, objects, photos, drawings, reports or statements in New Bern's possession in reference to the collision. | Motor carriers must report information to applicable state and federal regulatory authorities. <br><br> 49 C.F.R. § 390.15(a)(b). | Motor carriers must report information to applicable state and federal regulatory authorities. <br><br> 49 C.F.R. § 390.15(a)(b). | <u>Negligent Supervision & Training</u> <br><br> ¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 to present | Objection, to the extent any such documents exists, it would have been produced it anticipation of litigation and is therefore privileged. "Without waiving any objection … ." <br><br> ==New Bern's privilege claim lacks merit because there is no work product protection for documents prepared in the ordinary course of business.== <br><br> *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 604 (8th Cir. 1977). <br><br> ==New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.== <br><br> FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4. <br><br> ==New Bern's use of "without waiving the objection"== |

**Mr. Greg Jones**
**Mr. Alexander Jones**
**June 8, 2022**
**Page 25**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | language amounts to no response at all because it is evasive.<br><br>FED. R. CIV. P. 37(a)(4); *Jones*, 2007 WL 841676, *1. Please fully respond to this request. |
| RFP 29<br><br>Complete and unredacted copies of collision files within your control maintained or generated in accordance with federal motor carrier safety regulations, including reports, letters to or received by the Federal Office of Motor Carrier Safety Field Operations, reports made by Bowers, or a co-driver or driver trainers in reference to this collision. | Motor carriers must report collision information to applicable state and federal regulatory authorities.<br><br>49 C.F.R. § 390.15(a)(b). | Motor carriers must report collision information to applicable state and federal regulatory authorities.<br><br>49 C.F.R. § 390.15(a)(b). | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 to present | Objection to being vague and compound, and to the extent any documentation exists, it would have been produced in anticipation of litigation and is therefore privileged.<br><br>New Bern's privilege claim lacks merit because there is no work product protection for documents prepared in the ordinary course of business.<br><br>*Diversified Indus., Inc.*, 572 F.2d at 604.<br><br>New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br>New Bern's use of |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 26

| | | | | | |
|---|---|---|---|---|---|
| | | | | | "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>FED. R. CIV. P. 37(a)(4); *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |
| RFP 30<br><br>Complete and unredacted copies of collision or incident records maintained by you, in reference to other vehicular collisions where your driver, co-driver, or driver trainer, was the driver of a vehicle involved. | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Where notice of a danger is in issue, evidence of similar occurrences is admissible.<br><br>*Heinrich*, 52 Ark. App. 165, 915 S.W.2d at 736. | | Negligent Supervision & Training<br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/13 to 9/14/18 | Objection to substantive and temporal breadth, which could extend to attorney client communication having nothing to do with this collision. Other drivers are not relevant. *See* response to Request No. 29.<br><br>New Bern's objections to production are waived due to being stated without particularity or specificity.<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 27

| | | | | | |
|---|---|---|---|---|---|
| | | | | | FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br>Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.<br><br>FED. R. CIV. P. 34(b)(2).<br><br>Please fully respond to this request. |
| RFP 31<br><br>Complete and unredacted copies of all hours of service records for Bowers and co-drivers present on the day of the collision, including their record of duty status | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Where notice of a danger is in issue, evidence of similar occurrences is admissible.<br><br>*Heinrich*, 52 Ark. App. 165, 915 S.W.2d at 736.<br><br>Failure to supervise hours of service logs is | | | Date employed to 9/14/18 | Objection to substantive and temporal breadth. If such documents exists, they would be confidential personnel records. Any trainer or other driver of New Bern is not relevant.<br><br>New Bern's objections to production are waived due to being stated without particularity or specificity.<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 28

| | | | | | |
|---|---|---|---|---|---|
| | sufficient evidence to find direct negligence against a company.<br><br>*McLane*, 2012 WL 3257658, *6. | | | | 841676, *1.<br><br>==New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.==<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br>==Please fully respond to this request.== |
| RFP 32<br><br>Complete and unredacted copies of inspection, repair, or maintenance done to the tractor and trailer involved in the collision, including all driver daily condition reports, and maintenance files in New Bern's possession | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Where notice of a danger is in issue, evidence of similar occurrences is admissible.<br><br>*Heinrich*, 52 Ark. App. 165, 915 S.W.2d at 736. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 27-28, p. 6 | 9/14/17 to 9/14/18 | Not proportionally relevant because no specific relevance in the *Complaint*.<br><br>==Plaintiff's allegations about the excessive weight of the truck Bowers' was driving at the time of the collision make this request specifically relevant.==<br><br>==Please fully respond to this request.== |
| RFP 33<br><br>Complete and unredacted copies of titles for both tractor and trailer involved in the collision in their | ==Corporate relationship between defendants is proportionally relevant to a defense in the case.==<br><br>Information is | ==Corporate relationship between defendants is proportionally relevant to a defense in the case.== | | 9/14/18 | New Bern will attempt to locate and produce the appropriate title information.<br><br>==Please fully respond to this request.== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 29

| precise state of existence on that date | discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1).<br><br>The corporate form may be ignored when the subsidiary is a mere tool of the parent.<br><br>*Ark. Bank & Trust Co. v. Douglass*, 318 Ark. 457, 470, 885 S.W.2d 863, 870 (1994) ("*Douglass*"). | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1).<br><br>The corporate form may be ignored when the subsidiary is a mere tool of the parent.<br><br>*Ark. Bank & Trust Co. v. Douglass*, 318 Ark. 457, 470, 885 S.W.2d 863, 870 (1994) ("*Douglass*"). | | | |
| --- | --- | --- | --- | --- | --- |
| RFP 34<br><br>Complete and unredacted copies of vehicular movement recording documents and records | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Where notice of a danger is in issue, evidence of similar occurrences is admissible.<br><br>*Heinrich*, 52 Ark. App. 165, 915 | | Negligent Supervision & Training<br><br>¶¶ 35-46, p. 8-9 | 8/14/18 to 9/14/18 | Documents on date of collision will be produced. Records beyond that are not relevant.<br><br>==Records before the collision date are generally and specifically relevant.==<br><br>==New Bern's relevance objection is waived due to being stated without particularity or specificity.==<br><br>FED. R. CIV. P. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 30

| | | | | | |
|---|---|---|---|---|---|
| | S.W.2d at 736. | | | | 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>==Please fully respond to this request.== |
| RFP 35<br><br>Complete and unredacted copies of all agreements, contracts, or leases between Bowers and New Bern when the collision occurred | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Persons conducting activities through agents are subject to liability for harm resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with instrumentalities under his control. *Restatement (Second) of Agency* § 213 (1958); *Burke v. TransAm Trucking, Inc.*, 605 F. Supp.2d 647, 657 (M.D. Pa. 2009). | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 | Not applicable<br><br>==Any agreement defining the scope of Bowers' representation with New Bern is proportionally relevant to the case.==<br><br>==Please fully respond to this request.== |
| RFP 36<br><br>Complete and unredacted copies of contracts, purchases, loans, or leases | ==Corporate relationship between defendants is proportionally relevant to a defense in the case.== | ==Corporate relationship between defendants is proportionally relevant to a defense in the case.== | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 | *See* Response to Request No. 32, incorporated by reference.<br><br>==Reference to objections in other discovery requests== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 31

| | | | | | |
|---|---|---|---|---|---|
| involving the tractor or tailer in effect when the collision occurred | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1).<br><br>The corporate form may be ignored when the subsidiary is a mere tool of the parent.<br><br>*Douglass*, 318 Ark. at 470, 885 S.W.2d at 870. | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1).<br><br>The corporate form may be ignored when the subsidiary is a mere tool of the parent.<br><br>*Douglass*, 318 Ark. at 470, 885 S.W.2d at 870. | | | ==is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.==<br><br>FED. R. CIV. P. 34(b)(2).<br><br>==Please fully respond to this request.== |
| RFP 37<br><br>Complete and unredacted copies of New Bern's systematic inspection, repair and maintenance, equipment program, or maintenance files required by 49 C.F.R. § 396, including a blank copy of such forms. | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Where notice of a danger is in issue, evidence of similar occurrences is admissible.<br><br>*Heinrich*, 52 Ark. App. 165, 915 S.W.2d at 736. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 27-28, p. 6 | 9/14/18 | *See* Response to Request No. 32, incorporated by reference.<br><br>==Plaintiff's allegations about the excessive weight of the truck Bowers' was driving at the time of the collision make this request specifically relevant.==<br><br>==Reference to objections in other discovery requests is improper since each request for production must state production== |

**Mr. Greg Jones**
**Mr. Alexander Jones**
**June 8, 2022**
**Page 32**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.<br><br>FED. R. CIV. P. 34(b)(2).<br><br>Please fully respond to this request. |
| RFP 38<br><br>Complete and unredacted copies of operational documents in reference to the daily, weekly, or monthly operations of Bowers or the vehicle driven while employed with New Bern, showing operational and dispatch data, trips made or loads transported by Bowers | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Where notice of a danger is in issue, evidence of similar occurrences is admissible.<br><br>*Heinrich*, 52 Ark. App. 165, 915 S.W.2d at 736. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | 8/14/18 to 9/14/18 | Vagueness, breadth and not proportional. Seeks confidential financial records. "Without waiving the objection ... ."<br><br>To confer about New Bern's vagueness objection, the request seeks all communication from New Bern to Bowers for the time frame specified within the scope of employment.<br><br>New Bern's relevance and breadth objections are waived due to being stated without particularity or specificity.<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>New Bern's privilege claim is waived due to failing to |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 33

| | | | | | |
|---|---|---|---|---|---|
| | | | | | ==sufficiently describe the nature of the information withheld due to privilege.==<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br>==Please fully respond to this request.== |
| RFP 40<br><br>Complete and unredacted copies of instructions or examples issued by New Bern to Bowers in reference to completion of company reports, driver trip reports, driver record of duty status (logs) or time worked records or hours of service records, routes of travel, or when drivers were required to call in, inclusive of any other instructional documents relating to trips or loads transported | Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596.<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | | *See* Response to Request No. 39, incorporated by reference.<br><br>==Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.==<br><br>FED. R. CIV. P. 34(b)(2).<br><br>==Please fully respond to this request.== |
| RFP 43<br><br>Complete and unredacted copies of policies | Foreseeability is required to show an employer's liability for negligent | Training materials & written rules or regulations governing the | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, | 8/14/18 to 9/14/18 | Objection based on vagueness of "policies on call-in records." |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 34

| | | | | | |
|---|---|---|---|---|---|
| on call-in records and all call-in records for Bowers | supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596.<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br>Negligence<br><br>¶¶ 93-112, 116-128, p. 15-20 | | The request seeks New Bern's policies and procedures for drivers calling into the company, or vice versa, and all such records for Bowers.<br><br>Please fully respond to this request. |
| RFP 44<br><br>Complete and unredacted copies of policies on dispatch records and dispatch records for Bowers | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Employee's knowledge and violations of company policies | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at | Negligent Supervision & Training<br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br>Negligence<br><br>¶¶ 93-112, 116-128, p. 15-20 | 8/14/18 to 9/14/18 | Objection based on vagueness of "policies on dispatch records."<br><br>The request seeks New Bern's policies and procedures for dispatchers and drivers, and Bowers specifically.<br><br>Please fully respond to this request. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 35

| | | 813. | | | |
|---|---|---|---|---|---|
| | and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.,* 2009 Ark. 93, *5-6, 302 S.W.3d at 596.<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | | | | |
| RFP 46<br><br>Complete and unredacted copies of policies on driver log auditing and driver log audits for Bowers | Company's audits of its driver's logs is relevant to show the degree of supervision exercised or should have been exercised.<br><br>*McLane*, 2012 WL 3257658, *2, *5-6. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | Date Bowers employed to 9/14/18 | Objection based on vagueness of "policies on driver log auditing." If the information sought is proprietary, it will have to be produced pursuant to a protective order.<br><br>==The request seeks New Bern's policies and procedures for auditing driver logs, and Bowers' driver logs specifically.==<br><br>==New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 36

| | | | | | |
|---|---|---|---|---|---|
| | | | | | privilege. |
| | | | | | Fed. R. Civ. P. 37(a)(4); Fed. R. Civ. P. 26(b)(5)(A)(ii); Fed. R. Civ. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4. |
| | | | | | New Bern's failure to properly respond is not excused because it did not timely file for a protective order. Fed. R. Civ. P. 37(d)(2); Fed. R. Civ. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41. |
| | | | | | Please fully respond to this request. |
| RFP 47 Complete and unredacted copies of policies on hours of service reporting and auditing, and all hours of service reports for Bowers | Company's degree of supervision exercised over driver may be shown by time logs submitted by drivers. *McLane*, 2012 WL 3257658, *2, *5-6. | | Negligent Supervision & Training ¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | Date Bowers employed to 9/14/18 | Objection based on vagueness of "policies on hours of service reporting," and breadth based on information related to co-drivers or trainers. "Without waiving any objection … ." The request seeks New Bern's policies and procedures for hours of service reporting as required by Federal Motor Carrier Safety regulations, and specifically defined such pursuant to 49 C.F.R. § 395. New Bern's use of |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 37

| | | | | | |
|---|---|---|---|---|---|
| | | | | | "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>Fed. R. Civ. P. 37(a)(4); *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |
| RFP 49<br><br>Complete and unredacted copies of documents showing the load Bowers transported when the collision occurred, the load's weight, the person who shipped the load, the person who received the load, Bowers' destination for the load, and the type of shipment | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Persons conducting activities through agents are subject to liability for harm resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with instrumentalities under his control.<br><br>*Restatement (Second) of Agency* § 213; *Burke*, 605 F. Supp.2d at 657. | | Negligent Supervision & Training<br><br>¶¶ 27-28, 35-46, 68-72, 116-128, p. 6, 8-9, 11-12, 18-20 | 9/14/18 | Objection due to the request being included by mistake since vehicle was not being driven over-the-road to transport a "load" for the public. "Without waiving any objection … ."<br><br>The request was not included by mistake. It is generally and specifically relevant, and New Bern's objection lacks merit.<br><br>New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>Fed. R. Civ. P. 37(a)(4); *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |
| RFP 50<br><br>Complete and unredacted copies of | Employee's knowledge and violations of company policies and procedures is | | Negligent Supervision & Training<br><br>¶¶ 27-28, | 9/14/18 | Objection to relevance of collision warning systems involving New Bern's |

| | | | | | |
|---|---|---|---|---|---|
| information about the tractor in the collision, including equipment for contacting drivers, on-board data recorders, GPS positioning and/or communications systems, or satellite-based tracking systems | relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.,* 2009 Ark. 93, *5-6, 302 S.W.3d at 596. | | 35-46, 68-72, 116-128, p. 6, 8-9, 11-12, 18-20 | | equipment, cruise control, rollover, Vorad, or braking system. *See* Response to Request No. 32. "Without waiving any objection … ."<br><br>How New Bern keeps track of its trucks and tells them where to go is generally and specifically relevant to this case. New Bern's relevance objection is waived due to being stated without particularity or specificity, and the use of "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>FED. R. CIV. P. 33(b)(4); FED. R. CIV. P. 37(a)(4); LOCAL RULE 33.1(b); *Kirby,* 2009 WL 10675166, *4; *Jones,* 2007 WL 841676, *1.<br><br>Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 39

| | | | | | |
|---|---|---|---|---|---|
| | | | | | FED. R. CIV. P. 34(b)(2).<br><br>Please fully respond to this request. |
| RFP 51<br><br>Complete and unredacted copies of policies on collision reporting or investigation, collision review committees, or determinations of whether a collision was preventable | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Previous incidents of an employee may provide notice an employer should have foreseen an appreciable risk of harm to others.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *3-6, 302 S.W.3d at 595-96. | | Negligent Supervision & Training<br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | | Objection to vagueness and relevance.<br><br>The request seeks New Bern's policies and procedures for reporting collisions; investigations of collisions; collision review committees; and policies and procedures for determining whether a collision was preventable.<br><br>New Bern's objections to production are waived due to being stated without particularity or specificity.<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |
| RFP 52<br><br>Complete and unredacted collision reports, collision investigation or review committee records, or | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16. | | Negligent Supervision & Training<br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | Date Bowers employed by New Bern to 9/14/18 | Objection to vagueness, seeks materials prepared in anticipation of litigation, temporally overbroad, and relevance.<br><br>New Bern's |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 40

| | | | | | |
|---|---|---|---|---|---|
| determinations of whether any collision caused by Bowers during his employment with you was preventable, including the one at issue in this case | Previous incidents of an employee may provide notice an employer should have foreseen an appreciable risk of harm to others.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *3-6, 302 S.W.3d at 595-96. | | | | objections to production are waived due to being stated without particularity or specificity.<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>New Bern's privilege claim lacks merit because there is no work product protection for documents prepared in the ordinary course of business.<br><br>*Diversified Indus., Inc.*, 572 F.2d at 604.<br><br>New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br>Please fully respond to this request. |
| RFP 53<br><br>Complete and unredacted | Drivers must pass knowledge and skills testing. | Training materials & written rules or regulations | <u>Negligent Supervision & Training</u> | Date Bowers employed by New Bern to | Objection based on vagueness to "policies on orientation, |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 41

| policies on orientation, periodic, and remedial training and verification of such training, including on issues of fatigue, lane maintenance, tractor and trailer weight, route selection to complete trips, and collision reporting requirements | 49 C.F.R. § 380.109.<br><br>Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596.<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | ¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | 9/14/18 | periodic, and remedial training and verification of such training." Any company policies would likely be considered proprietary and would have to produced subject to a protective order.<br><br>==The request seeks New Bern's policies and procedures on training its drivers, and verifying whether its drivers have received training on the topics within the request.==<br><br>==New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.==<br><br>Fᴇᴅ. R. Cɪᴠ. P. 26(b)(5)(A)(ii); Fᴇᴅ. R. Cɪᴠ. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br>==New Bern's failure to properly respond is not excused because it did not timely file for a protective order.== Fᴇᴅ. R. Cɪᴠ. P. 37(d)(2); Fᴇᴅ. R. Cɪᴠ. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 42

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 590-92, 727 S.W.2d at 140-41.<br><br>==Please fully respond to this request.== |
| RFP 54<br><br>Complete and unredacted policies on driver's license records checks, notification to drivers of the results of such checks, and retraining requirements for moving violations, as well as all records pertaining to driver's license records checks, notification of such checks, and any retraining requirements for Bowers | Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596;<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | Date Bowers employed by New Bern to 9/14/18 | Objection based on being "incomprehensible." "Without waiving any objection," Bowers driver qualification file will be produced upon entry of a protective order. ==New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.==<br><br>FED. R. CIV. P. 37(a)(4); *Jones*, 2007 WL 841676, *1.<br><br>==New Bern's failure to properly respond is not excused because it did not timely file for a protective order.==<br><br>FED. R. CIV. P. 37(d)(2); FED. R. CIV. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41.<br><br>==Please fully respond to this request.== |
| RFP 55<br><br>Complete and unredacted policies concerning inspection policies and | Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have | Training materials & written rules or regulations governing the conduct of employees may show | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | Date of Bowers' employment to 9/14/18 | Objection to vagueness to "company policies concerning inspection policies."<br><br>==The request seeks New Bern's policies== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 43

| | | | | | |
|---|---|---|---|---|---|
| procedures concerning all tractors and trailers, including the ones involved in this collision, physical inspections, electronic data retrieval, communications equipment, and satellite tracking | foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596;<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | <u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | | and procedures concerning the inspection of its tractors and trailers after a collision.<br><br>Please fully respond to this request. |
| **RFP 56**<br><br>Complete and unredacted company retention policies concerning documentary information and electronically retrieved data | Companies subject to Federal Motor Carrier Safety Regulations are obligated to maintain records that adequately support operational data, including on property and equipment.<br><br>49 C.F.R. § 379.3; *Id.* at Appendix A. | Companies subject to Federal Motor Carrier Safety Regulations are obligated to maintain records that adequately support operational data, including on property and equipment.<br><br>49 C.F.R. § 379.3; *Id.* at Appendix A. | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | Date Bowers employed by New Bern to 9/14/18 | Objection to vagueness.<br><br>The request seeks New Bern's document retention policies and procedures concerning documentary information and electronically retrieved data.<br><br>Please fully respond to this request. |
| **RFP 57**<br><br>Complete and unredacted corporate, partnership, or LLC agreement, as well as New Bern's Articles of Incorporation in | Corporate relationship between defendants is proportionally relevant to a defense in the case.<br><br>Information is discoverable about | Corporate relationship between defendants is proportionally relevant to a defense in the case.<br><br>Information is | *See* Def.'s Response to Pl.'s Mot. for Leave to Amend. Compl. (Nov. 11, 2021), alleging PepsiCo is | 9/14/18 | Objection to relevance and proprietary information.<br><br>New Bern's relevance objection is waived due to being stated without particularity or |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 44

| | | | | | |
|---|---|---|---|---|---|
| effect on the day of the collision | any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1).<br><br>The corporate form may be ignored when the subsidiary is a mere tool of the parent.<br><br>*Douglass*, 318 Ark. at 470, 885 S.W.2d at 870. | discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1).<br><br>The corporate form may be ignored when the subsidiary is a mere tool of the parent.<br><br>*Douglass*, 318 Ark. at 470, 885 S.W.2d at 870. | not a proper defendant | | specificity.<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); FED. R. CIV. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4.<br><br>New Bern's failure to properly respond is not excused because it did not timely file for a protective order.<br><br>FED. R. CIV. P. 37(d)(2); FED. R. CIV. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41.<br><br>Please fully respond to this request. |
| RFP 58<br><br>Complete and unredacted documents showing the corporate relationship | Corporate relationship between defendants is proportionally relevant to a defense in the case. | Corporate relationship between defendants is proportionally relevant to a defense in the case. | *See* Def.'s *Response to Pl.'s Mot. for Leave to Amend. Compl.* (Nov. 11, 2021), | 9/14/18 | Objection to breadth. "Without waiving the objection," *see* Doc. 8 and *Declaration of Charles Biener* (Doc 8-1). |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 45

| | | | | | |
|---|---|---|---|---|---|
| between New Bern and PepsiCo in effect when collision occurred | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1).<br><br>The corporate form may be ignored when the subsidiary is a mere tool of the parent.<br><br>*Douglass*, 318 Ark. at 470, 885 S.W.2d at 870. | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1).<br><br>The corporate form may be ignored when the subsidiary is a mere tool of the parent. *Douglass*, 318 Ark. at 470, 885 S.W.2d at 870. | alleging PepsiCo is not a proper defendant | | New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>FED. R. CIV. P. 37(a)(4); *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |
| RFP 60<br><br>Complete and unredacted copies of New Bern's officers' or executives' instructions in reference to day-to-day motor carrier operating and safety procedures to be followed by company personnel, including documents relative to disciplinary policies or procedures for | Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596;<br><br>Training materials & written rules or regulations governing the conduct of employees may | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | Negligent Supervision & Training<br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br>Negligence<br><br>¶¶ 93-112, 116-128, p. 15-20 | 9/14/18 | Objection to being compound, vague, and breadth.<br><br>New Bern's objections are waived due to being stated without particularity or specificity.<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 46

| | | | | | |
|---|---|---|---|---|---|
| late freight delivery, motor fleet safety, or failure to comply with Federal Motor Carrier Safety Regulations effective when the collision occurred | show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | | | | |
| RFP 61<br><br>Complete and unredacted copies of documents related to Bowers motor carrier transportation scheduling, dispatch, load, or operational daily or monthly summary data produced by New Bern | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Persons conducting activities through agents are subject to liability for harm resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with instrumentalities under his control.<br><br>*Restatement (Second) of Agency* § 213; *Burke*, 605 F. Supp.2d at 657. | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 8/14/18 to 9/14/18 | Objection to request being included by mistake. Bowers was not over-the-road driver hauling cargo for 3rd parties. There were no 3rd party shippers or receivers, or trip leasing involved. Other drivers and trainers are not relevant.<br><br>==The information requested from Bowers' employment a month before the collision is relevant to demonstrate the degree of control exercised by New Bern.==<br><br>==Please fully respond to this request.== |
| RFP 63<br><br>Complete and unredacted income tax forms, copies of payroll and other | Who paid Bowers is relevant to show control over his actions, and whether PepsiCo is a proper defendant. | | *See* Def.'s *Response to Pl.'s Mot. for Leave to Amend. Compl.* (Nov. 11, | Pay period when collision occurred on 9/14/18 | Objection to producing irrelevant and personal financial information.<br><br>==New Bern's== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 47

| | | | | | |
|---|---|---|---|---|---|
| checks, check stubs, and all other available payroll information furnished to Bowers by New Bern during the pay period when the collision occurred | Information is discoverable about any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.<br><br>FED. R. CIV. P. 26(b)(1). | | 2021), alleging PepsiCo is not a proper defendant | | ==objections are waived due to being stated without particularity or specificity.==<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>==Please fully respond to this request.== |
| **RFP 64**<br><br>Complete and unredacted copies of federally required insurance forms (MCS-82 and 90) in New Bern's possession in effect when the collision occurred | Any insurance agreement showing an insurance business may be liable to satisfy all or part of a judgment is discoverable.<br><br>FED. R. CIV. P. 26(a)(1)(A)(iv); *Merriweather*, 2018 WL 3572527, *7-8. | Any insurance agreement showing an insurance business may be liable to satisfy all or part of a judgment is discoverable.<br><br>FED. R. CIV. P. 26(a)(1)(A)(iv); *Merriweather*, 2018 WL 3572527, *7-8. | | 9/14/18 | Objection due to previously sharing declaration sheet in initial disclosures.<br><br>==This is not an objection to production. Please fully respond to this request by producing the full insurance polic(ies) in this matter that may satisfy all or part of a judgment.== |
| **RFP 65**<br><br>Complete and unredacted copies of documents received from or sent to any "compliance or fleet safety" employee, representing the interest of New Bern or Bowers. | Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 8/14/18 to 9/14/19<br><br>==Plaintiff agrees to limit the scope of the request from 8/14/18 to 9/14/18== | Objection to vagueness, temporally and substantively overbroad, due to not being limit to communications dealing with accidents, much less the one at issue, nor is it limited to anything having to do with Bowers.<br><br>==The request is not limited to just collisions because other specifically relevant topics may== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 48

| | | | | | |
|---|---|---|---|---|---|
| | | | | | be included, such as reports on tractor/trailer weight, directions given to drivers, etc. The request is not limited to just Bowers because it demonstrates the company's pattern of supervision over its drivers, of which Bowers is only an example.<br><br>New Bern's vagueness and relevance objection are waived due to being stated without particularity or specificity.<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |
| RFP 68<br><br>Complete and unredacted copies of the following New Bern documents:<br><br>(a)  log audit program or policy manual;<br><br>(b)  vehicle maintenance policy or procedure manual; | Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596.<br><br>Training materials are relevant to | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | Negligent Supervision & Training<br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br>Negligence<br><br>¶¶ 93-112, 116-128, p. 15-20 | | *See* response to Request No. 32, incorporated by reference. Objection to relevance, and proprietary materials.<br><br>New Bern's scope objection is waived due to being stated without particularity or specificity.<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 49

| | | | | | |
|---|---|---|---|---|---|
| (c) document retention-destruction policy; <br><br> (d) dispatch manual; <br><br> (e) safety manual; <br><br> (f) operations manual; and <br><br> (g) training and driver education materials. | showing deviation from company procedures, which may show evidence of negligence. <br><br> *D'Arbonne Const. Co., Inc.*, 354 Ark. at 311-12, 123 S.W.3d at 900; *Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | | | | 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1. <br><br> ==New Bern's privilege claim is waived due to failing to sufficiently describe the nature of the information withheld due to privilege.== <br><br> Fed. R. Civ. P. 26(b)(5)(A)(ii); Fed. R. Civ. P. 34(b)(2)(C); *Kirby*, 2009 WL 10675166, *4. <br><br> ==New Bern's failure to properly respond is not excused because it did not timely file for a protective order.== <br><br> Fed. R. Civ. P. 37(d)(2); Fed. R. Civ. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41. <br><br> ==Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.== <br><br> Fed. R. Civ. P. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 50

| | | | | | |
|---|---|---|---|---|---|
| | | | | | 34(b)(2).<br><br>==Please fully respond to this request.== |
| RFP 70<br><br>Complete and unredacted written policies for reviewing motor fleet safety and compliance programs on a periodic basis, as well as all documents reflecting such reviews. | To meet safety fitness standards, motor carriers must show it has adequate safety management controls in place, which function to ensure acceptable compliance with applicable safety requirements to reduce the risk associated with violations of federal motor carrier safety regulations.<br><br>49 C.F.R. 385.5.<br><br>Foreseeability is required to show an employer's liability for negligent supervision.<br><br>*Regions Bank*, 345 Ark. at 568, 49 S.W.3d at 115-16.<br><br>Persons conducting activities through agents is subject to liability for harm resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with | | Negligent Supervision & Training<br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 4/4/12 to 4/4/22 | Objection to vagueness, substantive and temporal breadth, and not proportional to the needs of the case.<br><br>==New Bern's objections are waived due to being stated without particularity or specificity.==<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>==Please fully respond to this request.== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 51

| | instrumentalities under his control.<br><br>*Restatement (Second) of Agency* § 213. | | | | |
|---|---|---|---|---|---|
| RFP 72<br><br>Complete and unredacted policies reflecting how on-board computers, "black boxes," satellite tracking, transponders, or other tracking or diagnostic equipment on the tractor or trailer involved in the collision was used to control Bowers' hours of service or other driving activities | Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596.<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | 9/14/18 | Objection to vagueness and lack of foundation, particularly as it assumes Bowers committed any "hours" violations.<br><br>==The request was broader than just "hours of service violations," also including how the diagnostic equipment on the tractor in the collision was used to control Bowers' driving activities.==<br><br>==Please fully respond to this request.== |
| RFP 73<br><br>Complete and unredacted copies of written documents, letters, directives, memorandums, notes, or notices from New Bern to Bowers, or from Bowers to another Defendant or | Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596. | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | Date of employment to date of Bowers' termination | Objection to any past of future communication of counsel. "Without waiving the objection," and as best this request can be understood, inapplicable.<br><br>==New Bern's attorney-client privilege claim is waived due to the failure to== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 52

| | | | | | |
|---|---|---|---|---|---|
| trucking company within New Bern's control related to the collision | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | 813. | | | sufficiently describe the nature of the information withheld due to privilege.<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); *Kirby*, 2009 WL 10675166, *4.<br><br>New Bern's use of "without waiving the objection" language amounts to no response at all because it is evasive.<br><br>FED. R. CIV. P. 37(a)(4); *Jones*, 2007 WL 841676, *1.<br><br>Please fully respond to this request. |
| RFP 74<br><br>To the extent not requested, complete and unredacted copies of New Bern's company manuals, dispatch policies, employee handbooks, films, job descriptions, training materials, company issues rules and regulations, directives, or notices in effect when the collision occurred utilized by New Bern in controlling | Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596.<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity. | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | Negligent Supervision & Training<br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br>Negligence<br><br>¶¶ 93-112, 116-128, p. 15-20 | 9/14/18 | Objection to breadth, relevance, and the request seeks proprietary materials.<br><br>New Bern's objections are waived due to being stated without particularity or specificity.<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>New Bern's privilege claim is waived due to the failure to sufficiently describe the nature of the |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 53

| | | | | | |
|---|---|---|---|---|---|
| Bowers' training operations, work, activities, job performance, timely pickup and delivery, safety or compliance with regulations | *Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | | | | ==information withheld due to privilege.==<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); *Kirby*, 2009 WL 10675166, *4.<br><br>==Please fully respond to this request.== |
| RFP 75<br><br>Complete and unredacted copy of New Bern's personnel file for Bowers and his supervisor | Personnel files may show action or inaction showing foreseeable & unreasonable risk of harm.<br><br>*Nuckles*, 2007 U.S. Dist. LEXIS 34339, *2, 2007 WL 1381651, *1. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | | Objection to relevance of Bowers' supervisor's personnel file, and would disclose confidential information. Portions of Bowers' personnel file might be relevant, but cannot be produced absent a protective order<br><br>==New Bern's relevance objection is waived due to being stated without particularity or specificity.==<br><br>FED. R. CIV. P. 34(b)(2)(B); LOCAL RULE 33.1(b); *Kirby*, 2009 WL 10675166, *4; *Jones*, 2007 WL 841676, *1.<br><br>==New Bern's privilege claim to confidential health information is waived due to the failure to sufficiently describe the nature of the information withheld due to== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 54

| | | | | | |
|---|---|---|---|---|---|
| | | | | | privilege.<br><br>FED. R. CIV. P. 26(b)(5)(A)(ii); *Kirby*, 2009 WL 10675166, *4.<br><br>Otherwise protected health information may lawfully be disclosed under HIPAA by a court order.<br><br>45 C.F.R. § 164.512(e)(1)(i); *Troutman*, 2018 WL 3041079, *4.<br><br>New Bern's failure to properly respond is not excused because it did not timely file for a protective order.<br><br>FED. R. CIV. P. 37(d)(2); FED. R. CIV. P. 34(2)(A); *cf. Dunkin*, 291 Ark. at 590-92, 727 S.W.2d at 140-41.<br><br>Please fully respond to this request. |
| RFP 80<br><br>Produce name, address, and job title for New Bern's Collision Review Committee | Information about collision review committees is relevant to show collisions were preventable.<br><br>*See, e.g., Gavert v. Shamrock Food Co.*, 2013 WL 2903403 (D. Colo. Jun. 14, 2013). | | Negligent Supervision & Training<br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 to present | *See* response to RFP 78, incorporated by reference.<br><br>Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 55

| | | | | | |
|---|---|---|---|---|---|
| | | | | | ==request, including the reasons.==<br><br>FED. R. CIV. P. 34(b)(2).<br><br>==Please fully respond to this request.== |
| **RFP 81**<br><br>Produce name, address, and job title for New Bern's dispatchers responsible for Bowers' trip on the day of the collision | Persons conducting activities through agents are subject to liability for harm resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with instrumentalities under his control.<br><br>*Restatement (Second) of Agency* § 213; *Burke*, 605 F. Supp.2d at 657. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 to present | *See* response to RFP 78, incorporated by reference.<br><br>==Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.==<br><br>FED. R. CIV. P. 34(b)(2).<br><br>==Please fully respond to this request.== |
| **RFP 82**<br><br>Produce name, address, and job title for New Bern's agent responsible for ensuring Bowers compliance with DOT hours of service regulations, who said person is currently | Persons conducting activities through agents are subject to liability for harm resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with instrumentalities under his control.<br><br>*Restatement (Second) of Agency* § | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 | *See* response to RFP 78, incorporated by reference.<br><br>==Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.==<br><br>FED. R. CIV. P. |

**Mr. Greg Jones**
**Mr. Alexander Jones**
**June 8, 2022**
**Page 56**

| | | | | | |
|---|---|---|---|---|---|
| | 213; *Burke*, 605 F. Supp.2d at 657. | | | | 34(b)(2). ==Please fully respond to this request.== |
| **RFP 83** Produce name, address, and job title for New Bern's supervisor of Bowers on day of collision, and who said person is currently | Persons conducting activities through agents are subject to liability for harm resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with instrumentalities under his control. *Restatement (Second) of Agency* § 213; *Burke*, 605 F. Supp.2d at 657. | | <u>Negligent Supervision & Training</u> ¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 | *See* response to RFP 78, incorporated by reference. ==Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.== FED. R. CIV. P. 34(b)(2). ==Please fully respond to this request.== |
| **RFP 84** Produce name, address, and job title for New Bern's medical review officer when collision occurred and who said person is currently | Persons conducting activities through agents are subject to liability for harm resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with instrumentalities under his control. *Restatement (Second) of Agency* § 213; *Burke*, 605 F. Supp.2d at 657. | | <u>Negligent Supervision & Training</u> ¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 | *See* response to RFP 78, incorporated by reference. ==Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.== FED. R. CIV. P. 34(b)(2). ==Please fully respond to this request.== |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 57

| | | | | | |
|---|---|---|---|---|---|
| RFP 85<br><br>Produce name, address, and job title for New Bern's agent who was head of dispatch at time of collision, and who said person is currently | Persons conducting activities through agents are subject to liability for harm resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with instrumentalities under his control.<br><br>*Restatement (Second) of Agency* § 213; *Burke*, 605 F. Supp.2d at 657. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 | *See* response to RFP 78, incorporated by reference.<br><br>==Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.==<br><br>Fed. R. Civ. P. 34(b)(2).<br><br>==Please fully respond to this request.== |
| RFP 86<br><br>Produce name, address, and job title for New Bern's agent who was chief of operations when collision occurred, and who said person is currently | Persons conducting activities through agents are subject to liability for harm resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with instrumentalities under his control.<br><br>*Restatement (Second) of Agency* § 213; *Burke*, 605 F. Supp.2d at 657. | | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | 9/14/18 | *See* response to RFP 78, incorporated by reference.<br><br>==Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.==<br><br>Fed. R. Civ. P. 34(b)(2).<br><br>==Please fully respond to this request.== |
| RFP 88<br><br>Produce name, address, and job | Persons conducting activities through agents are subject to liability for harm | | <u>Negligent Supervision & Training</u> | Date of Bowers' employment | *See* response to RFP 78, incorporated by reference. |

Mr. Greg Jones
Mr. Alexander Jones
June 8, 2022
Page 58

| | | | | |
|---|---|---|---|---|
| title for New Bern's agent currently responsible for maintaining records for each described person who hired Bowers | resulting from his conduct if he is negligent in failing to make proper regulations, in the supervision of the activity, or in failing to prevent tortious conduct with instrumentalities under his control.<br><br>*Restatement (Second) of Agency* § 213; *Burke*, 605 F. Supp.2d at 657. | | ¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20 | ==Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.==<br><br>FED. R. CIV. P. 34(b)(2).<br><br>==Please fully respond to this request.== |
| **RFP 89**<br><br>Produce name, address, and job title for New Bern's corporate representative per Fed. R. Civ. P. 30(b)(6) for the RFP herein, and matters of examination including Bowers' drivers' compliance, and New Bern's compliance with state and federal motor carrier safety regulations, New Bern's safety policies and procedures, document retention, supervision and training of drivers, supervisors, dispatchers, and | Employee's knowledge and violations of company policies and procedures is relevant to establish employer should have foreseen an appreciable risk of harm.<br><br>*Med. Assur. Co.*, 2009 Ark. 93, *5-6, 302 S.W.3d at 596.<br><br>Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | Training materials & written rules or regulations governing the conduct of employees may show negligence by employee or entity.<br><br>*Ameri*, 72 Ark. App. at 112, 35 S.W.3d at 813. | <u>Negligent Supervision & Training</u><br><br>¶¶ 35-46, 68-72, 116-128, p. 8-9, 11-12, 18-20<br><br><u>Negligence</u><br><br>¶¶ 93-112, 116-128, p. 15-20 | *See* response to RFP 78, incorporated by reference.<br><br>==Reference to objections in other discovery requests is improper since each request for production must state production will be permitted, or state with specificity the grounds for objecting to the request, including the reasons.==<br><br>FED. R. CIV. P. 34(b)(2).<br><br>==Please fully respond to this request.== |

**Mr. Greg Jones**
**Mr. Alexander Jones**
**June 8, 2022**
**Page 59**

| | | | | |
|---|---|---|---|---|
| other employees discussed within Plaintiff's written discovery | | | | |

     Please let me know within the next 10-days whether we can come to an agreement on the above discovery requests. Otherwise, I will have no other option but to file a motion with the Court.

     Best personal regards.

               Very truly yours,

               S. Taylor Chaney



**From:** **Taylor Chaney** taylor@chaneylaw.com
**Subject:** Rowan v. PepsiCo et al, 4:21-cv-00911-KGB (E.D. Ark.)
**Date:** June 8, 2022 at 3:03 PM
**To:** Greg Jones GJones@wlj.com, Alexander Jones ajones@wlj.com
**Cc:** KPorter@wlj.com, **Don Chaney** Don@ChaneyLaw.com, **Jessica Schoultz** jessica@chaneylaw.com, **Debi Fendley**
debi@chaneylaw.com, **Malorie Martin** Malorie@chaneylaw.com
**Bcc:** **Tiffany Rowan** TiffanyRowanZ6473195@projects.filevine.com, **Tiffany Rowan** tiffany1rowan@gmail.com

Greg and Alex,

Please see the attached correspondence.

We look forward to hearing from you soon about these matters.

Best regards,

S. Taylor Chaney
Chaney Law Firm, P.A.
P.O. Box 1405, 526 Main St. Ste 204
Arkadelphia, AR 71923
Telephone:    870-246-0600
Facsimile:     866-734-0971
taylor@chaneylaw.com

Confidentiality Notice

The information contained in this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any review, retransmission, disclosure, copying or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient, is strictly prohibited.  If you receive this message in error or without authorization to receive it from the sender, then please notify the sender immediately and destroy all information sent in error.



220608 Letter
to opp...an.pdf