IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONNIE MCCORKLE and                                                     PLAINTIFFS
CAROLYN MCCORKLE

vs.                              Civil No. 4:19-cv-04118

THOMAS FULLWILEY and
G AND S TRANSPORATION OF TENNESSEE, INC.                                DEFENDANTS

## ORDER

Before the Court is Plaintiffs' Motion to Compel Discovery. ECF No. 10. Plaintiffs are seeking to compel responses to Requests for Production 9-12, 15, 20-22, and 25 and Interrogatories 11-12, and 18-21. *Id.* Plaintiffs claim Defendant G and S Transportation of Tennessee, Inc. ("G&S") has refused to produce the documents and responses sought with these discovery requests and claim G&S has "copied and pasted" boilerplate responses instead. *Id.* G&S has responded to this Motion. ECF No. 15. This Motion has been referred to the undersigned and is now ripe for consideration.

1. **Background:**

On September 13, 2019, Plaintiffs' case was removed to the Western District of Arkansas from the Circuit Court of Hempstead County, Arkansas. ECF No. 1. Plaintiffs allege in their Complaint that on or about January 4, 2019 at approximately 9:06 pm, Plaintiff Ronnie McCorkle was operating a 2016 Dodge Ram Pickup raveling northbound on US 67 with Plaintiff Carolyn McCorkle as his passenger. ECF No. 3 ¶ 8. At the same time and place, Defendant Thomas Fullwiley stopped his vehicle, parking in the northbound lane of US 67 and exited the vehicle. *Id.* Plaintiffs could not stop prior to striking the rear of Defendant Thomas Fullwiley's vehicle. *Id.*

1

**EXHIBIT 4**

Plaintiffs further allege that at all times relevant to this accident, Defendant Thomas Fullwiley was an agent, servant, or employee of G&S. ECF No. 3 ¶ 9. Plaintiffs state five different causes of action: negligence, negligent hiring, negligent training, negligent supervision, and negligent retention. *Id.* ¶¶ 10-29. Plaintiffs seek compensatory and punitive damages. *Id.* ¶¶ 30-32.

As this lawsuit progressed, Plaintiffs propounded discovery on G&S. On December 6, 2019 and on January 28, 2020, G&S supplied its discovery responses. ECF Nos. 10-1, 10-2. In these responses, G&S filed blanket objections to Requests for Production 9-12, 15, 20-22, and 25 and Interrogatories 11-12, and 18-21 and have refused to provide responses or responsive documents. ECF No. 10-3. Receiving no responses or responsive documents, Plaintiffs were required to file this Motion to Compel. ECF No. 10.

**2. Discussion:**

Plaintiffs seek to compel G&S's responses to Requests for Production 9-12, 15, 20-22, and 25 and Interrogatories 11-12, and 18-21. ECF No. 10. The Court will address each of these separately.

**A. Request for Production No. 9**

Request for Production No. 9: Please produce the entire driver qualification file for Thomas Fullwiley, including, but not limited to: (a) driver's application for employment; (b) past employment reference checks; (c) verifications of driving record through state agencies; (d) disciplinary information including reprimands; (e) performance evaluations; (f) list of driving violations; and (g) drug screenings.

Response: Objection. This request is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

Upon review, it is entirely unclear how this request is objectionable. The information sought is discoverable absent some specific privilege or confidentiality claim. G&S also argues it will not

produce any of these requested documents "until a protective order has been entered." ECF No. 16 at 5.

G&S is certainly permitted to seek such a protective order. However, G&S is not permitted to simply withhold discoverable material on a claim of confidential or protected material. Instead, G&S should *first actually seek* a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(G). This rule provides the party from who discovery is sought *may move for a protective order* if the discovery response is interpreted as "(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." After reviewing the docket in this case, it is clear G&S has not requested or filed a motion seeking to have a protective order be entered. That burden is on G&S.

Accordingly, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Request for Production No. 9. As outlined in further detail below, G&S must produce the information Plaintiffs have requested within the timeline outlined by the Court.

### B. Request for Production No. 10

Request for Production No. 10: Please produce the entire driver personnel file of Thomas Fullwiley.

Response: Objection. This request is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

For the same reasons stated in Request for Production No. 9, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Request for Production No. 10.

### C. Request for Production No. 11

Request for Production No. 11: Please produce the entire safety performance history file for Thomas Fullwiley.

3

> Response: Objection. This request is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

For the reasons provided in Request for Production No. 9 and No. 10, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Request for Production No. 11.

### D. Request for Production No. 12

> Request for Production No. 12: Please produce any other file kept by you concerning Thomas Fullwiley.

> Response: Objection. This request is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

For the reasons provided in Request for Production No. 9, No. 10, and No. 11, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Request for Production No. 12.

### E. Request for Production No. 15

> Request for Production No. 15: Please produce the Driver's Record of Duty Status file for Thomas Fullwiley.

> Response: Objection. This request is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

For the reasons provided in Request for Production No. 9, No. 10, No. 11, and No. 12, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Request for Production No. 15.

### F. Request for Production No. 20

> Request for Production No. 20: Please produce all of your policies and procedures regarding vehicle operations in effect during the five years preceding the wreck that is the subject of this litigation.

> Response: Objection. This request is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

Again, G&S provides the same blanket objection that it did in the previous five responses, even though this request seeks a completely different category of information. In its response to Plaintiffs' Motion to Compel, G&S provides a somewhat more helpful basis for its decision to withhold discoverable documents.

In short, G&S argues that under the case of *Elrod v. G & R Construction Company,* 275 Ark. 151 (1982), it is permitted to withhold this information. In *Elrod,* as G&S claims, the Arkansas Supreme Court held that when a defendant admits liability under *respondeat superior*, a trial court is permitted to only allow a plaintiff to proceed on one theory of recovery: *respondeat superior* or negligent entrustment. There are, however, several limitations with that ruling. First, and most importantly, the defendant in *Elrod* also admitted to punitive damages (if any). Here, G&S has not admitted to such being liable for such damages (if any). At a minimum, *Elrod* is distinguishable on that basis. *See, e.g., Wheeler v. Carlton,* 2007 WL 30261, at *11 (E.D. Ark. 2007) (addressing *Elrod* at the summary judgment stage after discovery had been completed).

Furthermore, barring discovery and applying the standard (as interpreted by G&S) of *Elrod* at this early stage seems entirely premature. In *Elrod,* the Arkansas Supreme Court was reviewing a decision made *at trial*, not at an early phase of discovery. That court was also faced with the question of whether the trial court erred in restricting that plaintiff's ability to present a case. It does not appear *Elrod* was to be a bar to all discovery in every case in the future if a defendant choses to admit liability under *respondeat superior*. It is certainly true that such an issue should be decided at a later date and not prematurely at this time. This is especially true since none of Plaintiffs' claims have been dismissed, and they all remain active.[1]

---

[1] G&S has filed a Motion for Judgment on the Pleadings. ECF No. 13. This Motion has not yet been decided. It was filed on May 4, 2020, well after G&S made the decision to withhold discoverable documents and only after Plaintiffs were forced to file their Motion to Compel.

5

At a later time, or perhaps if Plaintiffs' direct-negligence claims against G&S are dismissed, the scope of discovery may be narrowed. Under the present status of the case, however, the case law cited by G&S does not support withholding the requested documents.

Accordingly, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Request for Production No. 20.

### G. Request for Production No. 21

Request for Production No. 21: Please produce all employee handbooks in effect on January 4, 2019.

Response: Objection. This request is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.[2]

G&S argues this information is not discoverable because the "key for the present dispute is that all of plaintiffs' claims depend on proof of Fullwiley's driving record and the actions G&S took with regard to that history." ECF No. 16 at 10. A handbook in effect at the time of the accident certainly has bearing on any actions G&S took with regard to training Fullwiley.

Thus, for that reason and for the reasons provided in the discussion for Request for Production No. 20, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Request for Production No. 21.

### H. Request for Production No. 22

Request for Production No. 22: Please produce all safety manuals in effect on January 4, 2019.

---

[2] It is somewhat troubling to this Court that the exact same word-for-word objection is used for every single one of G&S's responses such that the Court is not required to change a single word after cutting and pasting the objection from the previous response.

Response: Objection. This request is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.[3]

For that reason and for the reasons provided in the discussion for Request for Production No. 21, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Request for Production No. 22.

### I. Request for Production No. 25

Request for Production No. 25: Please produce the entire drug and alcohol file of Thomas Fullwiley including, but not limited to, pre-employment, post-accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

Response: Objection. This request is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

For the reasons provided in Request for Production No. 9, No. 10, No. 11, No. 12, and No. 15, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Request for Production No. 25.

### J. Interrogatory No. 11

Interrogatory No. 11: Identify and describe all formal and informal disciplinary and/or counseling actions undertaken by G and S Transportation of Tennessee, Inc. regarding THOMAS FULLWILEY at any time.

Response: Objection. This interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

For the reasons provided in Request for Production No. 9, No. 10, No. 11, No. 12, No. 15, and No. 25, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Interrogatory No. 11.

### K. Interrogatory No. 12

Interrogatory No. 12: Describe in detail all training and education (including on the job training) provided by or on behalf of G and S Transportation of Tennessee, Inc.

---

[3] G&S states, again, the exact same objection. The entirely lack of specificity is troubling. *See* Fed. R. Civ. P. 37(a)(4) (recognizing an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond).

7

to THOMAS FULLWILEY at any time and in any way related to the operation of a commercial motor vehicle.

Response: Objection. This interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

For the reasons outlined above, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Interrogatory No. 12.

### L. Interrogatory No. 18

Interrogatory No. 18: If you maintain that the Federal Motor Carrier Safety Regulations as adopted by the State of Arkansas did not apply to THOMAS FULLWILY at the time of the Subject Collision, explain the basis for your contention and identify all facts, witnesses, an documents that support your contention.

Response: Objection. This interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

For the reasons outlined above, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Interrogatory No. 18.

### M. Interrogatory No. 19

Interrogatory No. 19: Identify all G AND S TRANSPORTATION OF TENNESSEE, INC. policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect for THOMAS FULLWILEY at the time of the Subject Collision.

Response: Objection. This interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

For the reasons outlined above, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Interrogatory No. 19.

### N. Interrogatory No. 20

Interrogatory No. 20: Identify all G AND S TRANSPORTATION OF TENNESSEE, INC. policies, procedures, rules, guidelines, directives, manuals,

8

handbooks and instructions and training applicable to THOMAS FULLWILEY regarding driving, defensive driving, hazard perception and reaction, night driving, driver distance, safe parking, and use of cell phones.

Response: Objection. This interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

For the reasons outlined above, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Interrogatory No. 20.

### O. Interrogatory No. 21

Interrogatory No. 21: Describe in detail when and how you first became aware that THOMAS FULLWILEY was involved in the Subject Collision including [include] in your answer the identity of all persons involved in the investigation of the Subject Collision, their role and position and what information was conveyed.

Response: Objection. This interrogatory is overly broad, unduly burdensome, disproportionate to the needs of the case, seeks confidential information and seeks information which is not relevant to any claim or defense in this case.

G&S claims in its response to the Motion to Compel, the information sought with this interrogatory is work-product and is protected from discovery. Even had G&S properly raised the "work-product" objection to some of the information sought, it has not sought a protective order or other wise complied with Rule 26(b)(5).[4]

Thus, the Court **GRANTS** Plaintiffs' request to compel G&S's response to Interrogatory No. 21. Any objection based upon a work-product claims should be raised in accordance with Rule 26(b)(5) or it is waved.

### 3. Conclusion:

In accordance with the foregoing, the Court **GRANTS** Plaintiffs' Motion to Compel. Any

---

[4] G&S does cite to Rule 26 so it appears to be aware of this rule but still completely ignores the very specific requirements of Rule 26(b)(5) entitled *"Claiming Privilege or Protecting Trial-Preparation Materials."*

further disregard of the Federal Rules of Civil Procedure will result in a recommendation by this Court that G&S be sanctioned. While some of G&S's objections and arguments to the requests for production appear to be made in good faith, it appears several were merely canned objections without being specific to the discovery sought. Further, it appears G&S may have willfully withheld documents that are clearly discoverable. G&S's objections to interrogatories were *exactly* the same, except for including the word "Interrogatory" for the interrogatory responses. The only way the Court could determine the substance of G&S's objections was to read the response to Plaintiffs' Motion to Compel. Such a practice is entirely unacceptable. Objections must be specific and directed at the Discovery sought.

Furthermore, the Parties are **ORDERED** to confer in person, in good faith prior to filing any future motion to compel. Plaintiff sending a "good faith letter by email to Defendant's attorney" demanding "real answers and information" is not a good faith effort to resolve discovery disputes as required by this Court's local rules. Likewise, an e-mail response simply stating, "I stand by the objections" is not a good faith effort to resolve a discovery dispute. The Parties' failure to confer resulted in an unnecessary use of judicial resources to determine which objections are merited and which are not. Any future motion to compel which does not contain a certification of an actual good faith effort to resolve the discovery dispute shall be summarily denied.

G&S has **twenty (20) days** to comply with this Order and respond to the outstanding discovery requests.

**IT IS SO ORDERED this 18th day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE